Luc A. Despins, Esq.
James T. Grogan, Esq.
PAUL HASTINGS JANOFSKY & WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
|   :   |
| **In re:** | : | **Chapter 11** |
|   :   |
| **FAIRPOINT COMMUNICATIONS, INC., *et al.*,** | : | **Case No. 09-16335 (BRL)** |
|   :   |
| **Debtors.** | : | **(Jointly Administered)** |
|   :   |
------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF DEBTORS' MOTION FOR ORDER
ESTABLISHING DEADLINE AND PROCEDURES FOR FILING PROOFS OF CLAIM
AND APPROVING MANNER OF NOTICE THEREOF**

    **PLEASE TAKE NOTICE** that upon the annexed motion ("Motion") of FairPoint Communications, Inc. ("FairPoint Communications") and its affiliated debtors, as debtors in possession (collectively, "FairPoint"), FairPoint will present the attached order establishing the deadline and procedures for filing proofs of claim and approving the manner of notice thereof to the Honorable Burton R. Lifland, United States Bankruptcy Judge, for signature on February 4, 2010 at 12:00 noon (Eastern Time).

    **PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must be in writing, shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules, and shall be filed with the Bankruptcy Court  (i) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (ii) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (a) Paul, Hastings, Janofsky & Walker LLP, attorneys for FairPoint, 75 East 55th Street, New York, NY 10022, Attn: Luc A. Despins, Esq. and James T. Grogan, Esq.; (b)

FairPoint, c/o FairPoint Communications, Inc., 521 East Morehead Street, Suite 500, Charlotte, NC 28202, Attn: Susan L. Sowell, Esq.; (c) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, NY 10004, Attn: Andrew D. Velez-Rivera, Esq. and Elisabetta Gasparini, Esq.; (d) Kaye Scholer LLP, 425 Park Avenue, New York NY 10022, Attn: Margot B. Schonholtz, Esq. and Mark F. Liscio, Esq., attorneys to Bank of America, N.A. as administrative agent for FairPoint's prepetition secured lenders; (e) Andrews Kurth LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Paul N. Silverstein, Esq. and Jonathan I. Levine, Esq., attorneys to the official committee of unsecured creditors; (f) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn: Kristopher M. Hansen, Esq., attorneys to the ad hoc committee of FairPoint's senior noteholders; and (g) Cohen, Weiss and Simon LLP, 330 West 42nd Street, 25th Floor, New York, NY. 10036-6976, Attn: David R. Hock; so as to be received no later than February 4, 2010 at 11:00 a.m. (Eastern Time) (the "Objection Deadline").  If no objections are timely filed and served with respect to the Motion, FairPoint may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

**PLEASE TAKE FURTHER NOTICE THAT** that if a written objection is timely served and filed as set forth above, a hearing will be held to consider the Motion before the Honorable Burton R. Lifland, United States Bankruptcy Judge, in Room 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on a date to be determined.

Dated: January 28, 2010
   New York, New York

/s/ James T. Grogan
Luc A. Despins, Esq.
James T. Grogan, Esq.
PAUL HASTINGS JANOFSKY &
WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
Telephone:  (212) 318-6000
Facsimile:   (212) 319-4090

*Counsel to the Debtors
and Debtors in Possession*

Luc A. Despins, Esq.
James T. Grogan, Esq.
PAUL HASTINGS JANOFSKY & WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
|  | : |  |
| --- | --- | --- |
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **FAIRPOINT COMMUNICATIONS, INC.,** *et al.,* | : | **Case No. 09-16335 (BRL)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

----------------------------------------------------------------x

**DEBTORS' MOTION FOR ORDER ESTABLISHING DEADLINE**
**AND PROCEDURES FOR FILING PROOFS OF CLAIM AND**
**APPROVING MANNER OF NOTICE THEREOF**

TO THE HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE:

FairPoint Communications, Inc. ("FairPoint Communications") and its affiliated debtors,

as debtors in possession (collectively, "FairPoint"), respectfully represent:

**BACKGROUND**
**General**

1.      On October 26, 2009 (the "Petition Date"), FairPoint commenced voluntary cases

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

FairPoint is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. FairPoint's chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").  On November 10, 2009, the Office of the United States Trustee appointed an official committee of unsecured creditors in these chapter 11 cases (the "<u>Committee</u>").

### <u>FairPoint's Businesses</u>

3. FairPoint is a leading provider of communications services to residential and business customers in rural and small urban communities located in eighteen states.  FairPoint operates the seventh largest local telephone company in the United States, based on the number of access lines, with approximately 1.7 million access line equivalents (including voice access lines and high speed data lines, which include digital subscriber lines, or DSL, wireless broadband and cable modem) in service as of June 30, 2009.

4. FairPoint Communications is the direct or indirect parent company of each of the other debtors in these chapter 11 cases.  FairPoint Communications was founded in 1991 and currently owns and operates thirty-three local exchange carriers ("<u>LECs</u>") located throughout the United States.  Many of these local telephone companies have served their communities for more than 75 years.  Through its LECs, FairPoint Communications offers its customers a broad array of services including, but not limited to, local telephone services, long distance services, data and Internet services, cable television and video services in certain markets, enhanced telephone services, billing and collection services, and telephone directory services.

5.     As of the Petition Date, FairPoint had approximately 4,140 employees, including approximately 2,700 who are represented by labor unions.  For the year ended December 31, 2008, FairPoint had revenues of approximately $1.3 billion on a consolidated basis.  As of June 30, 2009, FairPoint's unaudited consolidated financial statements reflected assets with a book value totaling approximately $3.236 billion and liabilities totaling approximately $3.234 billion.

6.     FairPoint's primary goal is to implement a restructuring of its balance sheet that will result in a viable capital structure to enable FairPoint to achieve long-term profitability.  To this end, FairPoint has reached an agreement with certain of its prepetition secured lenders (the "Steering Committee Lenders") under that certain credit agreement, dated as of March 31, 2008 (as modified, amended or supplemented from time to time) regarding the terms of a comprehensive financial restructuring that will result in the conversion of more than $1.7 billion of debt into equity.

## JURISDICTION

7.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

8.     By this Motion, FairPoint requests entry of an order pursuant to Bankruptcy Rule 3003(c)(3):

> i.   establishing **March 18, 2010 at 5:00 p.m. (Eastern Time**) as the deadline for each person or entity (including without limitation, individuals, partnerships, corporations, joint ventures and trusts) to file proofs of claim based on prepetition claims (as defined in section 101(5) of the Bankruptcy Code) (each a "Proofs of Claim") against FairPoint (the "Bar Date"), subject only to the exceptions listed herein;

ii.  approving the proposed form of Proofs of Claim (the "<u>Proof of Claim Form</u>"), a copy of which is annexed to the Motion as <u>Exhibit A</u>; and

iii. approving proposed procedures for notifying creditors of the Bar Date, including among other things, the form of notice (the "<u>Bar Date Notice</u>").

**The Bar Date**

9.      Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code.  Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who asserts a claim against FairPoint that (a) arose prior to the Petition Date, and whose claim is not scheduled in FairPoint's schedules of assets and liabilities (the "<u>Schedules</u>") or (b) is listed on the Schedules as disputed, contingent or unliquidated, must file a Proof of Claim.  In addition, section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief . . . ." 11 U.S.C. § 502(b)(9).

10.     FairPoint expects to file their Schedules on January 29, 2010.  Fixing the Bar Date will enable FairPoint to receive, process and begin to analyze creditors' claims in a timely and efficient manner.  Based on the procedures set forth herein, the proposed Bar Date will give creditors ample opportunity to prepare and file Proofs of Claim.

11.     Pursuant to the proposed order annexed hereto (the "<u>Bar Date Order</u>") each person or entity (including without limitation, each individual, partnership, corporation, joint venture, estate, trust or governmental unit) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against FairPoint that arose prior to the Petition Date, must file an original, written proof of such claim that substantially conforms to the Proof of Claim Form or Official Bankruptcy Form No. 10 ("<u>Official Form 10</u>") either by hand or overnight delivery of

the original Proof of Claim Form to BMC Group, Inc. ("BMC"), Attn: FairPoint

Communications, Inc. Claims Processing, 18750 Lake Drive East Chanhassen, MN 55317, or by

mailing the original Proof of Claim to BMC Group, Inc., Attn: FairPoint Communications, Inc.

Claims Processing, PO Box 3020, Chanhassen, MN 55317-3020.[1] Proofs of claim sent by

facsimile, telecopy or electronic mail will not be accepted. FairPoint requests the Court to order

that all proofs of claim be deemed timely filed only if **actually received** by BMC on or before

the Bar Date in accordance with the requirements set forth herein.

12. FairPoint further requests that the Bar Date apply to all known and unknown

creditors, subject to the following exceptions:

a. <u>Co-Debtors or Sureties.</u> Pursuant to Bankruptcy Rule 3005, FairPoint requests that the Court establish **April 19, 2010 at 5:00 p.m. (Eastern Time)** as the last date and time by which guarantors, sureties, indorsers, and other codebtors may file claims under section 501(b) of the Bankruptcy Code. FairPoint submits that the proposed deadline is reasonable because it will expire within thirty (30) days after the Bar Date as required by Bankruptcy Rule 3005. This deadline will give guarantors, sureties, indorsers and other co-debtors ample time to determine whether to file claims against FairPoint's estates.

b. <u>Entities Asserting Claims Arising from the Recovery of a Voidable Transfer</u>. FairPoint requests that the Court establish as the last date for filing claims arising from the recovery of a voidable transfer the later of either (i) the Bar Date; or (ii) the first business day that is at least thirty (30) calendar days after the entry of any order or judgment approving the avoidance of the transfer.

c. <u>Governmental Units</u>. FairPoint requests that the Court establish **April 24, 2010 at 5:00 p.m. (Eastern Time)** as the last date and time by which "governmental units" (as defined in section 101(27) of the Bankruptcy Code) may file Proofs of Claim under section 502(b)(9) of the Bankruptcy Code;

d. <u>Creditors Holding Claims that Were Altered by Amendments to FairPoint's Schedules</u>. FairPoint requests that the Bar Date Order provide that if FairPoint amends or supplements the Schedules subsequent to the passing of the Bar Date in a manner that (i) reduces the liquidated amount of a scheduled claim; (ii) reclassifies a scheduled, undisputed, liquidated, non-contingent claim as disputed, unliquidated, or

---

[1]      BMC was retained as FairPoint's claims agent by order of this Court entered on October 27, 2009 [Docket No. 37].

contingent; (iii) reduces the priority of a scheduled claim; or (iv) changes the debtor against whom a claim was scheduled, and the affected claimant does not agree with such amendment, then the affected claimant who has not already filed a Proof of Claim in advance of the Bar Date with respect to such scheduled claim must file a Proof of Claim on the later of (i) the first business day that is at least thirty (30) calendar days after the mailing of the notice of such amendment in accordance with Bankruptcy Rule 1009, or (ii) such other time as may be established by order of the Court in connection with a motion to amend the Schedules, but in each instance, only to the extent such Proof of Claim does not exceed the amount scheduled for such claim before the amendment. FairPoint further requests that the Bar Date Order provide that creditors not be entitled to file a Proof of Claim under the authority of this paragraph if an amendment to the Schedules increases the scheduled amount of an undisputed, liquidated, non-contingent claim.

e. <u>Debt Claims</u>. FairPoint requests that the Bar Date Order provide that any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (a "<u>Debt Claim</u>") on or under any agreements governing any syndicated credit facility or debt security issued by or for the benefit of FairPoint pursuant to an indenture (together, the "<u>Debt Instruments</u>") not be required to file a Proof of Claim with respect to such claim on or before the Bar Date if the administrative agent under the applicable credit facility or the indenture trustee under the applicable indenture files a master Proof of Claim, on or before the Bar Date, on account of all Debt Claims of such person or entity under the applicable Debt Instruments, **provided, however**, that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies.

f. <u>Equity Security Holders</u>. FairPoint requests that the Bar Date Order provide that holders of FairPoint's equity securities need not file a proof of such interest. However, any equity security holder asserting any rights as a creditor of any of FairPoint's estates, including a claim relating to such equity interest or the purchase or sale of such equity interest, shall be required to file a proof of such claim on or before the Bar Date pursuant to procedures set forth herein.

13. FairPoint also requests that the following persons or entities **not** be required to

file a Proof of Claim on or before the Bar Date:

i. any holder of a claim who has already properly filed a Proof of Claim against FairPoint with the Clerk of the Court or BMC utilizing a claim form which substantially conforms to the Proof of Claim Form or Official Form 10;

ii. any person or entity whose claim is listed on the Schedules and (i) whose claim is **not** described as "disputed," "contingent," or "unliquidated,"; (ii)

who does not dispute the amount or nature of the claim as set forth in the Schedules; and (iii) who does not dispute that the claim is an obligation of the specific debtor against which the claim is listed on the Schedules;

iii.    any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date;

iv.    any holder of a claim that has already been paid in full by FairPoint,

v.    any holder of a claim for which a separate deadline has previously been fixed by this Court;

vi.    any debtor in these cases having a claim against another debtor;

vii.    any person or entity having a claim under sections 503(b), 507(a)(2), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of FairPoint's chapter 11 cases; or

viii.    any director of FairPoint who held such position on or after June 1, 2009, or any current officer or employee of FairPoint, to the extent that such person's claim against FairPoint is for indemnification, contribution, subrogation or reimbursement.

14.    The proposed Bar Date further provides that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired leases must file a Proof of Claim based on such rejection by the later of either (i) the Bar Date; or (ii) the first business day that is at least thirty (30) days following the effective date of such rejection (unless the order authorizing such rejection provides otherwise).

15.    If a claimant asserts a claim against more than one debtor, the claimant is required file a separate Proof of Claim against each debtor and all holders of claims must identify on their Proof of Claim the particular debtor against which their claim is asserted and the case number of the particular debtor's chapter 11 case.

16.    FairPoint further proposes that the Bar Date Order provide that all timely claims or reclamation demands arising under sections 503(b)(9) or 546(c) of the Bankruptcy Code, as applicable, that were delivered in accordance with the Court's Order Establishing

Procedures For The Assertion, Resolution, And Satisfaction Of (I) Bankruptcy Code Section 503(b)(9) Claims And (II) Reclamation Claims (the "503(b)(9) and Reclamation Claims Procedures Order") [Docket No. 47] shall be deemed to satisfy the requirements set forth herein for filing a timely proof of claim in FairPoint's chapter 11 cases, but only with respect to the claims asserted pursuant to the 503(b)(9) and Reclamation Claims Procedures Order; **provided, however**, that any person or entity who failed to deliver a claim or reclamation demand in accordance with the 503(b)(9) and Reclamation Claims Procedures Order shall not be entitled to file a claim or reclamation demand under sections 503(b)(9) or 546(c) of the Bankruptcy Code, as applicable, and any person or entity who intends to assert a claim in addition to a claim or reclamation demand previously asserted in accordance with the 503(b)(9) and Reclamation Claims Procedures Order shall be required to file a proof of claim by the Bar Date for such additional claim.

17.     FairPoint submits that establishment of the Bar Date proposed herein is consistent with the shared goals of FairPoint and its stakeholders that these cases proceed as efficiently and effectively as possible.  Fixing the Bar Date proposed herein will ensure the prompt administration of FairPoint's chapter 11 cases, and is therefore in the best interest of FairPoint and all parties in interest.

### Form of Proof of Claim

18.     Due to the size and complexity of these chapter 11 cases, FairPoint, with the assistance of BMC, has prepared a Proof of Claim Form tailored to these chapter 11 cases.  The proposed Proof of Claim Form, which is based on Official Form 10, is annexed hereto as Exhibit A.  The substantive modifications to Official Form 10 proposed by FairPoint include the following:

a. allowing the creditor to correct any incorrect information in the name and address portion;

b. indicating how FairPoint has listed each creditor's respective claim on the Schedules, including the amount of the claim and whether the claim has been listed as contingent, unliquidated or disputed; and

c. adding certain instructions.

19. FairPoint requests that the Court approve the Proof of Claim Form and the substantive modifications to Official Form 10 contained therein.

20. Each creditor whose claim is listed on the Schedules will receive in the mail a "personalized" Proof of Claim Form printed with the creditor's name and address and information regarding the nature, amount, and status of its claim(s) as reflected on the Schedules, together with instructions for filing a proof of claim and correcting any incorrect name and address information. If a creditor disagrees with the information set forth in the Proof of Claim Form, including the specified debtor or the amount or type of claim set forth in the Proof of Claim Form, the creditor is required to file a Proof of Claim identifying the entity against which the creditor is asserting a claim and the amount and the type of such claim.

21. Further, the proposed Bar Date Order provides that each Proof of Claim must: (i) be written in English; (ii) denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim Form or Official Form 10; (iv) indicate the entity against which the creditor is asserting a claim; and (v) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

**Consequences of Failure to File**

22. Pursuant to Bankruptcy Rule 3003(c)(2), FairPoint proposes that any holder of a claim against FairPoint who is required, but fails, to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date shall be forever barred, estopped and enjoined from

asserting such claim against FairPoint (or filing a Proof of Claim with respect thereto), and FairPoint and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim. Moreover, such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these chapter 11 cases, or participate in any distribution in FairPoint's chapter 11 cases on account of such claim, or receive further notices regarding such claim.

### Notice of the Bar Date Order and the Bar Date

23. Pursuant to Bankruptcy Rule 2002(a)(7), FairPoint proposes to mail a Bar Date Notice, in a form substantially similar to the notice annexed hereto as Exhibit B and a Proof of Claim Form. The Bar Date Notice conforms substantially to the form annexed to General Order M-386 Second Amended Procedural Guidelines for Filing Requests for Bar Orders in the United States Bankruptcy Court for the Southern District of New York (the "Bar Date Guidelines"). The Bar Date Notice will be sent in accordance with the following procedures:

    a. At least thirty-five days (35) prior to the Bar Date, FairPoint shall be cause to be served by first-class mail (i) a Bar Date Notice and (ii) a Proof of Claim Form on the following parties:

        i. the United States Trustee for the Southern District of New York (the "U.S. Trustee");

        ii. counsel to the Committee;

        iii. counsel to the Bank of America, N.A., as administrative agent for FairPoint's prepetition secured lenders;

        iv. U.S. Bank National Association, as indenture trustee for FairPoint's unsecured noteholders;

        v. all known holders of claims listed on the Schedules at the addresses stated therein as of the date of entry of the Bar Date Order;

        vi. all parties known to FairPoint as having potential claims against the chapter 11 estates;

vii.   all persons or entities that have filed a Proof of Claim;

viii.   all counterparties to FairPoint's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

ix.   all parties to litigation with FairPoint;

x.   the District Director of Internal Revenue for the Southern District of New York and any other required governmental unit as required by Bankruptcy Rule 2002(j);

xi.   all persons and entities listed on FairPoint's Master Service List (as defined in this Court's order establishing notice procedures, dated November 18, 2009 [Docket No. 162]) as of the date of entry of the Bar Date Order;

xii.   all parties who have requested notice pursuant to Bankruptcy Rule 2002; and

xiii.   such additional persons and entities as deemed appropriate by FairPoint.

b. At least twenty-eight (28) days prior to the Bar Date, FairPoint shall publish the Bar Date Notice, with any modification necessary for ease of publication, in *The Wall Street Journal*.

c. FairPoint shall also post the Proof of Claim form and the Bar Date Notice on BMC's website at [www.bmcgroup.com/fairpoint](www.bmcgroup.com/fairpoint).

24.     The proposed Bar Date Notice notifies parties of the Bar Date and contains information regarding who must file a Proof of Claim, the procedure for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim. FairPoint believes that the Bar Date Notice is reasonably calculated under the circumstances to apprise an interested party of the pendency of the bankruptcy case and the requirement of filing a Proof of Claim by the Bar Date. Accordingly, FairPoint requests that the Court approve the use of the Bar Date Notice in substantially the form annexed hereto.

### FairPoint's Claims Agent

25.     On October 26, 2009, FairPoint filed a motion to employ BMC as the authorized claims agent with respect to FairPoint's chapter 11 cases [Docket No. 6], which was granted by an order entered by the Court on October 27, 2009 [Docket No. 37].  In such capacity, BMC is responsible for, among other things, maintaining the database containing the Schedules and maintaining and docketing Proofs of Claim that are filed in these chapter 11 cases.

26.     To facilitate and coordinate the claims reconciliation process and Bar Date Notice functions, BMC will mail the Proof of Claim Forms together with the Bar Date Notice to FairPoint's known creditors.  This will ensure that each creditor whose claim is listed on the Schedules will receive in the mail a "customized" Proof of Claim Form printed with the creditor's name and address and information regarding the nature, amount, and status of its claim(s) (as reflected in the Schedules), together with instructions for filing a Proof of Claim.

### The Proposed Notice Procedures are Reasonable and Adequate

27.     FairPoint has been advised by BMC that based upon the number of entities to whom FairPoint proposes to provide notice, BMC will be ready to mail the Proof of Claim Forms and Bar Date Notices within seven (7) days of entry of an order granting the relief requested herein.  If the relief requested in this Motion is granted and an order is entered by the Court on February 4, 2010, BMC will be able to complete the mailing of the Proof of Claim Forms by February 11, 2010.  By establishing March 18, 2010 as the Bar Date, depending on when the relief requested herein is approved by the Court, all creditors of FairPoint should have thirty-five days' notice of the Bar Date for filing Proofs of Claim.  Such period is clearly an adequate period of time within which to file Proofs of Claims as Bankruptcy Rule 2002(a)(7)

requires only twenty-one days' notice and the Bar Date Guidelines require thirty-five days' notice.

28.     FairPoint believes that the procedures described herein are "reasonably calculated under the circumstances to apprise an interested party of the pendency of the bankruptcy case" and the requirement of filing a Proof of Claim by the Bar Date.  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Consequently, FairPoint respectfully request that the Court find that the notice procedures constitute adequate and sufficient notice for all relevant purposes.

29.     Based on the foregoing, FairPoint submits that the relief requested herein is necessary and appropriate, is in the best interests of the estates and creditors, and should be granted in all respects.

## Objection to Claims and Reservation of Rights

30.     After passage of the Bar Date, FairPoint will begin their review of claims to determine which are valid and proper obligations of the estates and in what amounts.  FairPoint reserves the right to object to any Proof of Claim on any grounds.  FairPoint also reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules, or any amendments thereto, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated, or undetermined.

31.     Based on the foregoing, FairPoint submits that the relief requested herein is necessary and appropriate, is in the best interests of the estates and creditors, and should be granted in all respects.

## NOTICE

32.     No trustee or examiner has been appointed in these chapter 11 cases.  Notice of this Motion has been provided in accordance with the Bar Date Guidelines and this Court's Order, dated November 18, 2009, establishing notice and case management procedures in these chapter 11 cases [Docket No. 162].  In light of the nature of the relief requested herein, FairPoint submits that no other or further notice need be provided.

33.     No previous request for relief sought herein has been made by FairPoint to this or any other court.

**WHEREFORE**, FairPoint respectfully requests that this Court enter an order

substantially in the form annexed hereto and grant such other and further relief as is equitable

and just.

Dated: January 28, 2010
      New York, New York

/s/ James T. Grogan
Luc A. Despins, Esq.
James T. Grogan, Esq.
PAUL HASTINGS JANOFSKY &
WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
Telephone:  (212) 318-6000
Facsimile:   (212) 319-4090

*Counsel to the Debtors*
*and Debtors in Possession*

**PROPOSED BAR DATE ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                    :
**In re:**                                          :       **Chapter 11**
                                                    :
**FAIRPOINT COMMUNICATIONS, INC.,** *et al.***,**:  **Case No. 09-16335 (BRL)**
                                                    :
          **Debtors.**                              :       **(Jointly Administered)**
                                                    :
----------------------------------------------------------------x

## ORDER ESTABLISHING DEADLINE
## AND PROCEDURES FOR FILING PROOFS OF CLAIM AND
## <u>APPROVING MANNER OF NOTICE THEREOF</u>

Upon the motion dated January 28, 2010 the ("<u>Motion</u>")[1] of ("<u>FairPoint</u>

<u>Communications</u>") and its affiliated debtors, as debtors in possession (collectively, "<u>FairPoint</u>")

for entry of order, pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the

"<u>Bankruptcy Rules</u>") and section 502(b)(9) of chapter 11 of title 11 of the United States Code

(the "<u>Bankruptcy Code</u>") establishing the deadline and procedures for filing proofs of claim in

FairPoint's chapter 11 cases and approving the form and manner of notice thereof, all as more

fully described in the Motion; and the Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order

M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided in accordance with the Bar Date Guidelines

and the procedures set forth in this Court's Order, dated November 18, 2009, establishing notice

---

[1]     Capitalized terms that are used but not defined herein have the meanings ascribed to them in the Motion.

and case management procedures in these chapter 11 cases [Docket No. 162], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of FairPoint, the estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.      The Motion is GRANTED as provided herein.

2.      Pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against FairPoint that arose prior to October 26, 2009 (the "Petition Date"), shall file an original, written proof of such claim so that it is received on or before **March 18, 2010 at 5:00 p.m.** (Eastern Time) (the "Bar Date").

3.      The following procedures for the filing of proofs of claim shall apply:

    a.   all proofs of claim filed against FairPoint must conform substantially to Exhibit A annexed to the Motion (the "Proof of Claim Form"), which is hereby approved, or Official Bankruptcy Form No.10 ("Official Form 10");

    b.   proofs of claim must be delivered to the official claims agent in FairPoint's chapter 11 cases, BMC Group Inc. ("BMC"), either by (i) messenger or overnight delivery of the original Proof of Claim Form to BMC Group, Inc., Attn: FairPoint Communications, Inc. Claims Processing, 18750 Lake Drive East Chanhassen, MN 55317, or (ii)  mailing the original Proof of Claim to BMC Group, Inc., Attn: FairPoint Communications, Inc. Claims Processing, PO Box 3020, Chanhassen, MN 55317-3020;

    c.   proofs of claim will be deemed timely filed only if **actually received** by BMC on or before Bar Date;

    d.   proofs of claim must (i) be signed by the individual to whom service of any papers relating to such claim shall be directed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why

documentation is not available; (iii) be in the English language; and (iv) be denominated in lawful currency of the United States;

e. BMC shall **not** accept proofs of claim sent by facsimile, telecopy or electronic mail; and

f. proofs of claim must specify by name and case number the debtor against which the claim is filed; if the holder asserts a claim against more than one debtor or has claims against different debtors, a separate proof of claim must be filed with respect to each debtor.

4. The following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date:

i. any holder of a claim who has **already** properly filed a Proof of Claim against FairPoint with the Clerk of the Court or BMC utilizing a claim form which substantially conforms to the Proof of Claim Form or Official Form 10;

ii. any person or entity whose claim is listed on the Schedules and (i) whose claim is **not** described as "disputed," "contingent," or "unliquidated,"; (ii) who does not dispute the amount or nature of the claim as set forth in the Schedules; and (iii) who does not dispute that the claim is an obligation of the specific debtor against which the claim is listed on the Schedules;

iii. any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date;

iv. any person or entity whose claim has already been paid in full by FairPoint;

v. any holder of a claim for which a separate deadline has been previously fixed by this Court;

vi. any debtor in these cases having a claim against another debtor;

vii. any person or entity having a claim under sections 503(b), 507(a)(2), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of FairPoint's chapter 11 cases; or

viii. any director of FairPoint who held such position on or after June 1, 2009, or any current officer or employee of FairPoint, to the extent that such person's claim against FairPoint is for indemnification, contribution, subrogation or reimbursement.

5.      Pursuant to Bankruptcy Rule 3005 the last date and time by which guarantors, sureties, indorsers, and other codebtors may file claims under section 501(b) of the Bankruptcy Code is **April 19, 2010 at 5:00 p.m. (Eastern Time)**.

6.      The last date for any person or entity filing claims arising from the recovery by FairPoint of a voidable transfer to file a proof of such claim is the <u>later</u> of either (i) the Bar Date; or (ii) the first business day that is at least thirty (30) calendar days after the entry of any order or judgment approving the avoidance of the transfer.

7.      Notwithstanding any other provisions hereof, the last date and time by which "governmental units" (as defined in section 101(27) of the Bankruptcy Code) may file Proofs of Claim under section 502(b)(9) of the Bankruptcy Code is **April 24, 2010 at 5:00 p.m. (Eastern Time).**

8.      Any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (a "<u>Debt Claim</u>") on or under any agreements governing any syndicated credit facility or debt security issued by or for the benefit of FairPoint pursuant to an indenture (together, the "<u>Debt Instruments</u>") is not required to file a Proof of Claim with respect to such claim on or before the Bar Date if the administrative agent under the applicable credit facility or the indenture trustee under the applicable indenture files a master Proof of Claim on or before the Bar Date, on account of all Debt Claims of such person or entity under the applicable Debt Instruments, **provided, however**, that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies.

9.      Notwithstanding anything in this Order to the contrary, pursuant to the Interim

Order Under Bankruptcy Code Sections 105, 361, 362, 363, 364(c)(1),364(c)(2), 364(c)(3),

364(d)(1) And 364(e) And Bankruptcy Rules 2002, 4001 And 9014(I) Authorizing Debtors To

Obtain Postpetition Financing, (II) Authorizing Debtors To Use Prepetition Collateral, (III)

Granting Adequate Protection To Prepetition Secured Parties And (IV) Scheduling Final Hearing

(the "Interim DIP Order") [Docket No. 48],[2] Bank of America, N.A. as the Prepetition

Administrative Agent (as defined in the Interim DIP Order), is authorized to file in the

FairPoint's lead chapter 11 case (*In re FairPoint Communications, Inc*. (Case No. 09-16335

(BRL)) a single, master proof of claim on behalf of the Prepetition Secured Parties on account of

any and all of their respective claims arising under the Prepetition Loan Documents and

hereunder (the "Master Proof of Claim") against each of the Prepetition Credit Parties and each

of the Pledgors.  Upon the filing of the Master Proof of Claim against each of the Prepetition

Credit Parties and each of the Pledgors, the Prepetition Administrative Agent and each

Prepetition Secured Party, and each of their respective successors and assigns, shall be deemed to

have filed a Proof of Claim in the amount set forth opposite its name therein in respect of its

claims against each of the Prepetition Credit Parties and each of the Pledgors of any type or

nature whatsoever with respect to the Prepetition Loan Documents, and the claim of each

Prepetition Secured Party (and each of their respective successors and assigns), named in the

Master Proof of Claim shall be treated as if such entity had filed a separate Proof of Claim in

each of these cases.  The Prepetition Administrative Agent shall not be required to amend the

Master Proof of Claim to reflect a change in the holders of the claims set forth therein or a

reallocation among such holders of the claims asserted therein resulting from the transfer of all

---

[2]      Capitalized terms that are used but not defined in this decretal paragraph 9 shall have the meanings ascribed to them in the Interim DIP Order.

or any portion of such claims. The filing of the Master Proof of Claim shall not affect the right of each Prepetition Secured Party (or their successors in interest) to vote separately on any plan of reorganization proposed in these Cases. The Prepetition Administrative Agent shall not be required to file with the Master Proof of Claim any instruments, agreements or other documents evidencing the obligations owing by each of the Prepetition Credit Parties and each of the Pledgors to the Prepetition Secured Parties, which instruments, agreements or other documents will be provided upon written request to counsel for the Prepetition Administrative Agent.

10.     Holders of FairPoint's equity securities do not need to file a proof of such interest, **provided however**, that if any such equity security holder asserting any rights as a creditor of any of FairPoint's estates, including a claim relating to such equity interest or the purchase or sale of such equity interest, a proof of such claim must be filed on or before the Bar Date pursuant to the procedures set forth in this Order shall required to file a proof of such claim on or before the Bar Date pursuant to procedures set forth in this Order.

11.     Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired leases must file a Proof of Claim based on such rejection by the later of either (i) the Bar Date; or (ii) the first business day that is at least thirty (30) days following the effective date of such rejection (unless the order authorizing such rejection provides otherwise).

12.     All timely claims or reclamation demands arising under sections 503(b)(9) or 546(c) of the Bankruptcy Code, as applicable, that were delivered in accordance with the Court's Order Establishing Procedures For The Assertion, Resolution, And Satisfaction Of (I) Bankruptcy Code Section 503(b)(9) Claims And (II) Reclamation Claims (the "<u>503(b)(9) and Reclamation Claims Procedures Order</u>") [Docket No. 47] shall be deemed to satisfy the

requirements set forth herein for filing a timely proof of claim in FairPoint's chapter 11 cases, but only with respect to the claims asserted pursuant to the 503(b)(9) and Reclamation Claims Procedures Order; **provided, however**, that any person or entity who failed to deliver a claim or reclamation demand in accordance with the 503(b)(9) and Reclamation Claims Procedures Order shall not be entitled to file a claim or reclamation demand under sections 503(b)(9) or 546(c) of the Bankruptcy Code, as applicable, and any person or entity who intends to assert a claim in addition to a claim or reclamation demand previously asserted in accordance with the 503(b)(9) and Reclamation Claims Procedures Order shall be required to file a proof of claim by the Bar Date for such additional claim.

13.     With regard to those holders of claims listed on the Schedules, FairPoint shall mail one or more Proof of Claim Form(s) (as appropriate) in substantially the form of the Proof of Claim Form annexed to the Motion as <u>Exhibit A</u>, indicating on each Proof of Claim Form (i) the particular debtor and its chapter 11 case number, (ii) the amount of the claim such creditor holds against such debtor entity as set forth in the Schedules, (iii) the type of claim held by such creditor (i.e., non-priority unsecured, priority unsecured or secured), and (iv) whether such claim is disputed, contingent, or unliquidated.

14.     Any person or entity who desires to rely on the Schedules will have the responsibility for determining that their claim is accurately listed in the Schedules.

15.     That notice of entry of this Order and of the Bar Date in a form substantially similar to the notice attached to the Motion as <u>Exhibit B</u> (the "<u>Bar Date Notice</u>"), which Bar Date Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient notice:

    a.  if FairPoint serves the Bar Date Notice by first-class mail at least thirty-five (35) days prior to the Bar Date upon:

        i.  the United States Trustee for Region 2 (the "<u>U.S. Trustee</u>");

ii.    counsel to the Committee;

iii.   all persons or entities that have requested notice of the proceedings in FairPoint's chapter 11 cases;

iv.   all persons or entities that have filed a Proof of Claim;

v.    all creditors and other known holders of claims as of the date of entry of this Order, including all persons or entities listed on the Schedules at the addresses stated therein;

vi.   all counterparties to FairPoint's executory contracts and unexpired leases;

vii.  all parties to litigation with FairPoint;

viii. the District Director of Internal Revenue for the Southern District of New York and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units;

ix.   all persons and entities listed on FairPoint's Master Service List (as defined in this Court's order establishing notice procedures, dated November 18, 2009 [Docket No. 162]) as of the date of entry of this Order; and

x.    such additional persons and entities as deemed appropriate by FairPoint;

b.  if, at least twenty-eight (28) days prior to the Bar Date, FairPoint publishes the Bar Date Notice, with any modification necessary for ease of publication, in *The Wall Street Journal*; and

c.  if FairPoint posts the Proof of Claim form and the Bar Date Notice on BMC's website at www.bmcgroup.com/fairpoint.

16.    If FairPoint amends or supplements the Schedules subsequent to the date hereof, but before service of the Bar Date Notice, then service of the personalized Proof of Claim attached to the Bar Date Notice shall be good and sufficient notice under Bankruptcy Rule 1009(a), and no other notice of amendment of the Schedules shall be required.

17.    If FairPoint amends or supplements its Schedules subsequent to the passing of the Bar Date in a manner that (i) reduces the liquidated amount of a scheduled claim; (ii) reclassifies a scheduled, undisputed, liquidated, non-contingent claim as disputed, unliquidated, or contingent; (iii) reduces the priority of a scheduled claim; or (iv) changes the debtor against

whom a claim was scheduled, and the affected claimant does not agree with such amendment, then the affected claimant who has not already filed a Proof of Claim in advance of the Bar Date with respect to such scheduled claim must file a Proof of Claim on the later of either (a) the first business day that is at least thirty (30) calendar days after the mailing of the notice of such amendment in accordance with Bankruptcy Rule 1009, or (b) such other time as may be established by order of the Court in connection with a motion to amend the Schedules, but in each instance, only to the extent such Proof of Claim does not exceed the amount scheduled for such claim before the amendment.

18.     If an amendment to the Schedules is made after the Bar Date that increases the scheduled amount of an undisputed, liquidated, non-contingent claim, the holder of such claim is not entitled to file a Proof of Caim.

19.     Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim against FairPoint who is required, but fails, to file a proof of such claim in appropriate form in accordance with this Order on or before the Bar Date shall be forever barred, estopped and enjoined from asserting such claim against FairPoint (or filing a Proof of Claim with respect thereto), and FairPoint, its chapter 11 estates, its successors and property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these chapter 11 cases, or participate in any distribution in any of FairPoint's chapter 11 cases on account of such claim or to receive further notices regarding such claim.

20.     Notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient, and proper notice to all creditors

of their rights and obligations in connection with claims they may have against FairPoint in these chapter 11 cases.

21.    FairPoint and BMC are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

22.    Entry of this Order is without prejudice to the right of FairPoint to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Date established herein must file Proofs of Claim or barred from doing so.

23.    Nothing in this Order shall prejudice the right of FairPoint or any other party in interest to object to any Proof of Claim, whether filed or scheduled, on any grounds, or to dispute or assert offsets or defenses to any claim reflected in the Schedules or any amendments thereto as to amount, liability, classification or otherwise or to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

24.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:  February __, 2010
        New York, NY

_____
THE HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## PROPOSED PROOF OF CLAIM FORM

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK (MANHATTAN) | **PROOF OF CLAIM** | **YOUR CLAIM IS SCHEDULED AS:** |
|---|---|---|

In re:

See Appendix A to bar date notice for list of debtors and case numbers.

Case Number:

Schedule/Claim ID:          AP Code:
Amount/Classification

Debtor/Case No.

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

The information reflected above identifies how your claim is listed in the applicable Debtor's schedules of assets and liabilities. You do not need to file a proof of claim if (a) you agree with the amount, nature and priority of the claim described above; and (b) the claim is not identified above as "disputed," "contingent" or "unliquidated;" and (c) you do not dispute that the claim is an obligation only of the specific Debtor listed above. Other rules and exceptions apply to the filing of proofs of claims in these cases. These rules and exceptions are described in the accompanying Notice of Deadlines for Filing of Proofs of Claim. You should carefully review the accompanying notice before deciding whether to file a claim.

**Name of Creditor and Address:** the person or other entity to whom the debtor owes money or property

Creditor Telephone Number (    )

**THIS SPACE IS FOR COURT USE ONLY**

Name and address where **payment** should be sent (if different from above):

☐ Check this box to indicate that this claim amends a previously filed claim.

Claim Number (if known):

Filed on: _____

Payment Telephone Number (    )

**1. AMOUNT OF CLAIM AS OF DATE CASE FILED**          $ _____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. BASIS FOR CLAIM:** _____

(See instructions #2 and #3a on reverse side.)

**3. LAST FOUR DIGITS OF ANY NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:** _____

3a. Debtor may have scheduled account as: _____

**4. SECURED CLAIM**          (See instruction #4 on reverse side.)

Check the appropriate box if your claim is secured by a lien on property or a right of set off and provide the requested information

Nature of property or right of setoff: Describe:

☐ Real Estate  ☐ Motor Vehicle  ☐ Other

Value of Property: $ _____  Annual Interest Rate: _____ %

Secured Claim Amount: $ _____          **DO NOT** include the priority portion of your claim here.

Unsecured Claim Amount: $ _____

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ _____  Basis for Perfection: _____

**5. PRIORITY CLAIM**

☐ Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

**You MUST specify the priority of the claim:**

Unsecured Priority Claim Amount: $ _____          Include **ONLY** the priority portion of your unsecured claim here.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) (____).

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. CREDITS:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. SUPPORTING DOCUMENTS:** *Attach redacted copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of evidence of perfection of a security interest. (See instruction 7 and definition of "redacted" on reverse side.) If the documents are not available, please explain.

**DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this claim.

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

The original of this completed proof of claim form must be sent by mail or hand delivered (FAXES AND E-MAILED COPIES NOT ACCEPTED) so that it is actually received on or before _:00 pm, prevailing Eastern Time on _____, 2010 for Non-Governmental Claimants OR on or before _____, 2010 for Governmental Units.

**THIS SPACE FOR COURT USE ONLY**

BY MAIL TO:
BMC Group Inc.
Attn: FairPoint Communications, Inc., Claims Processing
PO Box 3020
Chanhassen, MN 55317-3020

BY HAND OR OVERNIGHT DELIVERY TO:
BMC Group Inc.
Attn: FairPoint Communications, Inc., Claims Processing
18750 Lake Drive East
Chanhassen, MN 55317

DATE

SIGNATURE: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571*

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## ITEMS TO BE COMPLETED IN PROOF OF CLAIM (IF NOT ALREADY PROPERLY FILLED IN)

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the Claims Agent, BMC Group, some or all of this information may have been already completed. A list of the debtors and their case numbers is attached as Appendix A to the accompanying Notice of Deadlines for Filing of Proofs of Claim.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete item 4. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Supporting Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may attach a summary.
You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d).
Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim **must** sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

**Date-Stamped Copy**
**Return claim form and attachments, if any. If you wish to receive an acknowledgement of your claim, please enclose a self-addressed stamped envelope and a second copy of the proof of claim form with any attachments to the Claims Agent, BMC Group, at the address on the front of this form.**

*Please read – important information: upon completion of this claim form, you are certifying that the statements herein are true.*

Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable."

---

## _____DEFINITIONS_____

**DEBTOR**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**CREDITOR**
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**CLAIM**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**PROOF OF CLAIM**
A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the court-appointed Claims Agent, BMC Group, at the address listed on the reverse side of this page

**SECURED CLAIM Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors.

The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car.
A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**UNSECURED NONPRIORITY CLAIM**
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**UNSECURED PRIORITY CLAIM Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other

## _____INFORMATION_____

document showing that the lien has been filed or recorded.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

ONCE YOUR CLAIM IS FILED YOU CAN OBTAIN OR VERIFY YOUR CLAIM NUMBER BY VISITING www.bmcgroup.com/fairpoint

**EXHIBIT B**

**PROPOSED BAR DATE NOTICE**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
In re:                                                       :    **Chapter 11**
                                                             :
**FAIRPOINT COMMUNICATIONS, INC.**, *et al.*,                :    **Case No. 09-16335 (BRL)**
                                                             :
            **Debtors.**                                     :    **(Jointly Administered)**
                                                             :
------------------------------------------------------------ x

<u>**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**</u>
<u>**ON OR BEFORE MARCH 18, 2010 AT 5:00 P.M. (EASTERN TIME)**</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS
AGAINST ANY OF THE DEBTOR ENTITIES LISTED HEREIN:

      **PLEASE TAKE NOTICE THAT**, on February __, 2010, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), having jurisdiction over the chapter 11 cases of FairPoint Communications, Inc. ("<u>FairPoint Communications</u>"), and its debtor affiliates, as debtors and debtors in possession (collectively, "<u>FairPoint</u>"), entered an order (the "<u>Bar Date Order</u>") establishing **March 18, 2010, at 5:00 p.m. (Eastern Time)** (the "<u>Bar Date</u>") as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures and trusts), to file a proof of claim ("<u>Proof of Claim</u>") based on prepetition claims against FairPoint Communications and its debtor affiliates.

      The Bar Date Order, the Bar Date, and the procedures set forth below for the filing of Proofs of Claim apply to all claims (other than those set forth below as being specifically excluded) against FairPoint that arose prior to **October 26, 2009** (the "<u>Petition Date</u>"), the date on which FairPoint Communications and its debtor affiliates commenced cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). A list of all debtors and their case numbers is attached hereto as <u>Appendix A</u>.

1.    <u>**WHO MUST FILE A PROOF OF CLAIM**</u>

      You **MUST** file a Proof of Claim to share in distributions from FairPoint's bankruptcy estates if you have a claim that arose prior to the Petition Date and it is not one of the types of claims set forth in sections 4, 5 and 6 below. Claims based on acts or omissions of FairPoint that occurred before the Petition Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

      Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2.    <u>**WHAT TO FILE**</u>

      FairPoint is enclosing a Proof of Claim form ("<u>Proof of Claim Form</u>") attached hereto for use in these cases. If your claim is scheduled by FairPoint, the form also sets forth the amount of your claim as scheduled by FairPoint, the specific debtor against which the claim is scheduled and whether the claim is scheduled as disputed, contingent or unliquidated. You will receive a different Proof of Claim Form for each claim scheduled in your name by FairPoint. You may utilize the Proof of Claim Form(s) provide by FairPoint to file your claim.

All Proofs of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim Form or Official Bankruptcy Form No.10 ("Official Form 10"); (iv) state the debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

If you are asserting a claim against more than one debtor, **separate** Proofs of Claim must be filed against each such debtor and all holders of claims must identify on their Proof of Claim the specific debtor against which their claim is asserted and the case number of that debtor's bankruptcy case. A list of all debtors and their case numbers is attached hereto as Appendix A.

Any Proof of Claim properly filed prior to the mailing of this notice shall be deemed to be and shall be treated as a properly filed claim subject to the right of FairPoint or any party in interest to object to the allowance thereof. No additional Proof of Claim is required with respect to such claim.

Additional Official Form 10's and Proof of Claim Forms may be obtained for free at www.uscourts.gov/bkforms or www.bmcgroup.com/fairpoint.

3.     **WHEN AND WHERE TO FILE**

Except as provided herein, all Proofs of Claim must be filed so as to be received on or before the Bar Date at the following address:

| By regular US mail: | By Messenger or overnight courier: |
|---|---|
| BMC Group, Inc.<br>Attn: FairPoint Communications, Inc. Claims Processing<br>PO Box 3020<br>Chanhassen, MN 55317-3020 | BMC Group, Inc.<br>Attn: FairPoint Communications, Inc. Claims Processing<br>18750 Lake Drive East<br>Chanhassen, MN 55317-3020<br><br>or<br><br>By hand delivery:<br><br>United States Bankruptcy Court, SDNY<br>One Bowling Green<br>Room 534<br>New York, NY 10004 |

Proofs of Claim will be deemed timely filed only if **actually received** by FairPoint's claims agent, BMC Group, Inc. ("BMC") or the Court on or before the Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

4.     **WHO NEED NOT FILE A PROOF OF CLAIM**

You need not file a Proof of Claim on or before the Bar Date if:

      i.     You have **already** properly filed a Proof of Claim against FairPoint with the Clerk of the Court or BMC utilizing a claim form which substantially conforms to the Proof of Claim Form or Official Form 10;

      ii.     your claim is listed on FairPoint's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules") and (i) is **not** described as "disputed," "contingent," or "unliquidated,"; (ii) you do **not** dispute the amount or nature of the

claim as set forth in the Schedules; and (iii) you do **not** dispute that the claim is an obligation of the specific debtor against which the claim is listed on the Schedules;

    iii.    you hold a claim that has been allowed by an order of this Court entered on or before the Bar Date;

    iv.    your claim has already been paid in full by FairPoint;

    v.    you hold a claim for which a separate deadline has previously been fixed by this Court;

    vi.    you are a debtor in these cases having a claim against another debtor;

    vii.    you hold a claim under sections 503(b), 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of FairPoint's chapter 11 cases; or

    viii.    you are a director of FairPoint who held such position on or after June 1, 2009, or you are a current officer or employee of FairPoint, to the extent that your claim against FairPoint is for indemnification, contribution, subrogation or reimbursement.

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing a Proof of Claim. Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust or governmental unit) must file a Proof of Claim, as described herein.

**THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH FAIRPOINT BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST FAIRPOINT. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT FAIRPOINT OR THE COURT BELIEVES THAT YOU HAVE A CLAIM.**

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST FAIRPOINT OR IF THE CLAIM YOU HELD ON THE PETITION DATE HAS BEEN PAID.**

5.    **SPECIAL CLAIMS**

a.    <u>Co-Debtors or Sureties</u>. Pursuant to Rule 3005 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the last date and time by which guarantors, sureties, indorsers, and other co-debtors may file claims under section 501(b) of the Bankruptcy Code is April 19, 2010 at 5:00 p.m. (Eastern Time).

b.    <u>Entities Asserting Claims Arising from the Recovery of a Voidable Transfer.</u> The last date for filing claims arising from the recovery by FairPoint of a voidable transfer is the later of either (i) the Bar Date; or (ii) the first business day that is at least thirty (30) calendar days after the entry of an order or judgment approving the avoidance of the transfer.

c.    <u>Governmental Units.</u> The last date and time by which "governmental units" (as defined in section 101(27) of the Bankruptcy Code) may file Proofs of Claim under section 502(b)(9) of the Bankruptcy Code is April 24, 2010 at 5:00 p.m. (Eastern Time).

d.    <u>Creditors Holding Claims that Were Altered by Amendments to FairPoint's Schedules</u>. If FairPoint amends or supplements the Schedules subsequent to the passing of the Bar Date in a manner that (i) reduces the liquidated amount of a scheduled claim; (ii) reclassifies a scheduled, undisputed, liquidated, non-contingent claim as disputed, unliquidated, or contingent; (iii) reduces the priority of a scheduled claim; or (iv) changes the debtor against whom a claim was scheduled, and the affected claimant does not agree with such amendment, then the affected claimant who has not already filed a Proof of Claim in advance of the Bar Date with respect to such scheduled claim must file a Proof of Claim on the later of (i) the first business day that is at least thirty (30) calendar days after the mailing of the notice of such amendment in accordance with Bankruptcy Rule 1009, or (ii) such other time as may be established by order of the Court in connection with a motion to amend the Schedules, but in each instance, only to the extent such Proof of Claim does not exceed the amount scheduled for such claim before the amendment. Creditors are not entitled to file a Proof of

Claim under the authority of this paragraph if an amendment to the Schedules increases the scheduled amount of an undisputed, liquidated, non-contingent claim.

e.  Debt Claims.  Any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (a "Debt Claim") or under any agreements governing any syndicated credit facility or debt security issued by or for the benefit of FairPoint pursuant to an indenture (together, the "Debt Instruments") is not required to file a Proof of Claim with respect to such claim on or before the Bar Date if the administrative agent under the applicable credit facility or the indenture trustee under the applicable indenture files a master Proof of Claim, on or before the Bar Date, on account of all Debt Claims of such person or entity under the applicable Debt Instruments, **provided**, **however**, that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies.

f.  Equity Security Holders. If you are a holder of FairPoint's equity securities you do not need to file a proof of such interest.  However, any equity security holder asserting any rights as a creditor of any of FairPoint's estates, including a claim relating to such equity interest or the purchase or sale of such equity interest, is required to file a proof of such claim on or before the Bar Date pursuant to procedures set forth in the Bar Date Order.

g.  Claims arising under Sections 503(b)(9) or 546(c) of the Bankruptcy Code.  All timely claims or reclamation demands arising under sections 503(b)(9) or 546(c) of the Bankruptcy Code, as applicable, that were delivered in accordance with the Court's Order Establishing Procedures For The Assertion, Resolution, And Satisfaction Of (I) Bankruptcy Code Section 503(b)(9) Claims And (II) Reclamation Claims (the "503(b)(9) and Reclamation Claims Procedures Order") [Docket No. 47] shall be deemed to satisfy the requirements set forth herein for filing a timely proof of claim in FairPoint's chapter 11 cases, but only with respect to the claims asserted pursuant to the 503(b)(9) and Reclamation Claims Procedures Order; **provided**, **however**, that any person or entity who failed to deliver a claim or reclamation demand in accordance with the 503(b)(9) and Reclamation Claims Procedures Order shall not be entitled to file a claim or reclamation demand under sections 503(b)(9) or 546(c) of the Bankruptcy Code, as applicable, and any person or entity who intends to assert a claim in addition to a claim or reclamation demand previously asserted in accordance with the 503(b)(9) and Reclamation Claims Procedures Order shall be required to file a proof of claim by the Bar Date for such additional claim.

**6.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity holding a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date, and (ii) the date that is thirty (30) days following the effective date of such rejection, to share in FairPoint's estate.

**7.  CONSEQUENCES OF A FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTIONS 4, 5 AND 6 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST FAIRPOINT AND ITS CHAPTER 11 ESTATES, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN FAIRPOINT'S CASES ON ACCOUNT OF SUCH CLAIM.**

**8.  FAIRPOINT'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against FairPoint in the Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Form regarding the nature, amount and status of your claim.  If you received postpetition payments from FairPoint (as authorized by the Court) on account of your claim(s), the enclosed Proof of Claim Form(s) will reflect the net amount of your claim(s). If FairPoint believes that you may hold claims against more than one debtor, you will receive multiple Proofs of Claim Forms, each of which will reflect the nature and amount of your claim against one debtor, as listed on the Schedules.

If you rely on FairPoint's Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. As set forth above, if you agree with the nature, amount, and status of your claim as listed in FairPoint's Schedules, and if you do not dispute that your claim is only against the specified debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date and in accordance with the procedures set forth in this notice.

You may access the Schedules on-line at the website of FairPoint's claims agent, BMC Group, Inc. at www.bmcgroup.com/fairpoint. Copies of the Schedules are also available for inspection on the Court's Internet Website at www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time), Monday through Friday at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004. Copies of FairPoint's Schedules may also be obtained by submitting a request to FairPoint's claims agent, BMC Group, Inc., at 888-909-0100

**A HOLDER OF A POSSIBLE CLAIM AGAINST FAIRPOINT SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

THIS NOTICE IS ONLY A SUMMARY OF THE BAR DATE ORDER. ALL PARTIES IN INTEREST ARE REFERRED TO THE BAR DATE ORDER ITSELF AND TO THE BANKRUPTCY CODE, BANKRUPTCY RULES AND THE LOCAL BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT OF NEW YORK FOR ADDITIONAL INFORMATION REGARDING THE FILING AND TREATMENT OF PROOFS OF CLAIM AND SHOULD CONSULT WITH THEIR OWN LEGAL ADVISORS.

DATED:  February __, 2010          **BY ORDER OF THE COURT**
        New York, NY

PAUL HASTINGS JANOFSKY & WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
Telephone:  (212) 318-6000
Facsimile:   (212) 319-4090

*Counsel to the Debtors
and Debtors in Possession*

**ALL INQUIRIES REGARDING THIS NOTICE SHOULD BE DIRECTED TO
FAIRPOINT'S CLAIMS AGENT, BMC GROUP INC., AT (888) 909-0100**

# APPENDIX A

# LIST OF DEBTORS

| DEBTOR NAME | CASE NUMBER |
|---|---|
| C & E COMMUNICATIONS, LTD. | 09-16333-BRL |
| BERKSHIRE NEW YORK ACCESS, INC. | 09-16334-BRL |
| FAIRPOINT COMMUNICATIONS, INC. | 09-16335-BRL |
| BE MOBILE COMMUNICATIONS, INCORPORATED | 09-16336-BRL |
| BENTLEYVILLE COMMUNICATIONS CORPORATION | 09-16337-BRL |
| BERKSHIRE CABLE CORP. | 09-16338-BRL |
| BERKSHIRE CELLULAR, INC. | 09-16339-BRL |
| BERKSHIRE NET, INC. | 09-16340-BRL |
| BERKSHIRE TELEPHONE CORPORATION | 09-16341-BRL |
| BIG SANDY TELECOM, INC. | 09-16342-BRL |
| BLUESTEM TELEPHONE COMPANY | 09-16343-BRL |
| COLUMBINE TELECOM COMPANY | 09-16344-BRL |
| COMERCO, INC. | 09-16345-BRL |
| COMMTEL COMMUNICATIONS INC. | 09-16346-BRL |
| COMMUNITY SERVICE TELEPHONE CO. | 09-16347-BRL |
| EL PASO LONG DISTANCE COMPANY | 09-16348-BRL |
| ENHANCED COMMUNICATIONS OF NORTHERN NEW ENGLAND INC. | 09-16349-BRL |
| EXOP OF MISSOURI, INC. | 09-16350-BRL |
| FAIRPOINT BROADBAND, INC. | 09-16351-BRL |
| FAIRPOINT CARRIER SERVICES, INC. | 09-16352-BRL |
| FAIRPOINT COMMUNICATIONS MISSOURI, INC. | 09-16353-BRL |
| FAIRPOINT COMMUNICATIONS SOLUTIONS CORP. – NEW YORK | 09-16354-BRL |
| FAIRPOINT COMMUNICATIONS SOLUTIONS CORP. – VIRGINIA | 09-16355-BRL |
| FAIRPOINT LOGISTICS, INC. | 09-16356-BRL |
| FAIRPOINT VERMONT, INC. | 09-16357-BRL |
| FREMONT BROADBAND, LLC | 09-16358-BRL |
| FREMONT TELCOM CO. | 09-16359-BRL |
| GTC COMMUNICATIONS, INC. | 09-16360-BRL |
| YCOM NETWORKS, INC. | 09-16361-BRL |
| UNITE COMMUNICATIONS SYSTEMS, INC. | 09-16362-BRL |
| THE EL PASO TELEPHONE COMPANY | 09-16363-BRL |
| ODIN TELEPHONE EXCHANGE, INC. | 09-16364-BRL |
| NORTHERN NEW ENGLAND TELEPHONE OPERATIONS LLC | 09-16365-BRL |
| MJD SERVICES CORP. | 09-16366-BRL |
| GTC FINANCE CORPORATION | 09-16367-BRL |
| GTC, INC. | 09-16368-BRL |
| PEOPLES MUTUAL LONG DISTANCE COMPANY | 09-16369-BRL |
| PEOPLES MUTUAL SERVICES COMPANY | 09-16370-BRL |
| PEOPLES MUTUAL TELEPHONE COMPANY | 09-16371-BRL |
| RAVENSWOOD COMMUNICATIONS, INC. | 09-16372-BRL |
| YATES CITY TELEPHONE COMPANY | 09-16373-BRL |
| CHOUTEAU TELEPHONE COMPANY | 09-16374-BRL |
| CHAUTAUQUA AND ERIE TELEPHONE CORPORATION | 09-16375-BRL |
| CHINA TELEPHONE COMPANY | 09-16376-BRL |
| GITCO SALES, INC. | 09-16377-BRL |
| GIT-CELL, INC. | 09-16378-BRL |
| GERMANTOWN LONG DISTANCE COMPANY | 09-16379-BRL |
| FRETEL COMMUNICATIONS, LLC | 09-16380-BRL |
| ELLTEL LONG DISTANCE CORP. | 09-16381-BRL |
| ELLENSBURG TELEPHONE COMPANY | 09-16382-BRL |
| C-R TELEPHONE COMPANY | 09-16384-BRL |
| C-R LONG DISTANCE, INC. | 09-16386-BRL |
| C-R COMMUNICATIONS, INC. | 09-16387-BRL |
| MAINE TELEPHONE COMPANY | 09-16388-BRL |
| SUNFLOWER TELEPHONE COMPANY, INC. | 09-16389-BRL |
| MARIANNA AND SCENERY HILL TELEPHONE COMPANY | 09-16391-BRL |
| MARIANNA TEL, INC. | 09-16392-BRL |
| STANDISH TELEPHONE COMPANY | 09-16394-BRL |
| ST LONG DISTANCE, INC. | 09-16395-BRL |
| ST ENTERPRISES, LTD. | 09-16397-BRL |
| ST COMPUTER RESOURCES, INC. | 09-16398-BRL |
| SIDNEY TELEPHONE COMPANY | 09-16399-BRL |
| UTILITIES, INC. | 09-16400-BRL |
| TELEPHONE SERVICE COMPANY | 09-16401-BRL |

| | |
|---|---|
| MJD VENTURES, INC. | 09-16402-BRL |
| NORTHLAND TELEPHONE COMPANY OF MAINE, INC. | 09-16404-BRL |
| THE ORWELL TELEPHONE COMPANY | 09-16405-BRL |
| QUALITY ONE TECHNOLOGIES, INC. | 09-16406-BRL |
| TACONIC TECHNOLOGY CORP. | 09-16407-BRL |
| TACONIC TELCOM CORP. | 09-16408-BRL |
| TACONIC TELEPHONE CORP. | 09-16409-BRL |
| TELEPHONE OPERATING COMPANY OF VERMONT LLC | 09-16410-BRL |
| ORWELL COMMUNICATIONS, INC. | 09-16411-BRL |
| THE COLUMBUS GROVE TELEPHONE COMPANY | 09-16412-BRL |
| THE GERMANTOWN INDEPENDENT TELEPHONE COMPANY | 09-16413-BRL |
| UI COMMUNICATIONS, INC. | 09-16414-BRL |
| UI LONG DISTANCE, INC. | 09-16415-BRL |
| UI TELECOM, INC. | 09-16416-BRL |
| ST. JOE COMMUNICATIONS, INC. | 09-16423-BRL |
| CHAUTAUQUA & ERIE COMMUNICATIONS, INC. | 09-16424-BRL |