UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                            :

In re:                                        :       Chapter 11
                                            :

FAIRPOINT COMMUNICATIONS, INC., *et al.*,:       Case No. 09-16335 (BRL)
                                           :
Debtors.                                  :       (Jointly Administered)
                                           :
---------------------------------------------------------------x

## ORDER ESTABLISHING DEADLINE
## AND PROCEDURES FOR FILING PROOFS OF CLAIM AND
## APPROVING MANNER OF NOTICE THEREOF

Upon the motion dated January 28, 2010 the ("Motion")[1] of ("FairPoint Communications") and its affiliated debtors, as debtors in possession (collectively, "FairPoint") for entry of order, pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 502(b)(9) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") establishing the deadline and procedures for filing proofs of claim in FairPoint's chapter 11 cases and approving the form and manner of notice thereof, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the Bar Date Guidelines and the procedures set forth in this Court's Order, dated November 18, 2009, establishing notice

---

[1]     Capitalized terms that are used but not defined herein have the meanings ascribed to them in the Motion.

1

and case management procedures in these chapter 11 cases [Docket No. 162], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of FairPoint, the estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1. The Motion is GRANTED as provided herein.

2. Pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against FairPoint that arose prior to October 26, 2009 (the "Petition Date"), shall file an original, written proof of such claim so that it is received on or before **March 18, 2010 at 5:00 p.m.** (Eastern Time) (the "Bar Date").

3. The following procedures for the filing of proofs of claim shall apply:

    a. all proofs of claim filed against FairPoint must conform substantially to Exhibit A annexed to the Motion (the "Proof of Claim Form"), which is hereby approved, or Official Bankruptcy Form No.10 ("Official Form 10");

    b. proofs of claim must be delivered to the official claims agent in FairPoint's chapter 11 cases, BMC Group Inc. ("BMC"), either by (i) messenger or overnight delivery of the original Proof of Claim Form to BMC Group, Inc., Attn: FairPoint Communications, Inc. Claims Processing, 18750 Lake Drive East Chanhassen, MN 55317, or (ii) mailing the original Proof of Claim to BMC Group, Inc., Attn: FairPoint Communications, Inc. Claims Processing, PO Box 3020, Chanhassen, MN 55317-3020;

    c. proofs of claim will be deemed timely filed only if **actually received** by BMC on or before Bar Date;

    d. proofs of claim must (i) be signed by the individual to whom service of any papers relating to such claim shall be directed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why

documentation is not available; (iii) be in the English language; and (iv) be denominated in lawful currency of the United States;

e. BMC shall **not** accept proofs of claim sent by facsimile, telecopy or electronic mail; and

f. proofs of claim must specify by name and case number the debtor against which the claim is filed; if the holder asserts a claim against more than one debtor or has claims against different debtors, a separate proof of claim must be filed with respect to each debtor.

4. The following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date:

i. any holder of a claim who has **already** properly filed a Proof of Claim against FairPoint with the Clerk of the Court or BMC utilizing a claim form which substantially conforms to the Proof of Claim Form or Official Form 10;

ii. any person or entity whose claim is listed on the Schedules and (i) whose claim is **not** described as "disputed," "contingent," or "unliquidated,"; (ii) who does not dispute the amount or nature of the claim as set forth in the Schedules; and (iii) who does not dispute that the claim is an obligation of the specific debtor against which the claim is listed on the Schedules;

iii. any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date;

iv. any person or entity whose claim has already been paid in full by FairPoint;

v. any holder of a claim for which a separate deadline has been previously fixed by this Court;

vi. any debtor in these cases having a claim against another debtor;

vii. any person or entity having a claim under sections 503(b), 507(a)(2), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of FairPoint's chapter 11 cases; or

viii. any director of FairPoint who held such position on or after June 1, 2009, or any current officer or employee of FairPoint, to the extent that such person's claim against FairPoint is for indemnification, contribution, subrogation or reimbursement.

5. Pursuant to Bankruptcy Rule 3005 the last date and time by which guarantors, sureties, indorsers, and other codebtors may file claims under section 501(b) of the Bankruptcy Code is **April 19, 2010 at 5:00 p.m. (Eastern Time)**.

6. The last date for any person or entity filing claims arising from the recovery by FairPoint of a voidable transfer to file a proof of such claim is the <u>later</u> of either (i) the Bar Date; or (ii) the first business day that is at least thirty (30) calendar days after the entry of any order or judgment approving the avoidance of the transfer.

7. Notwithstanding any other provisions hereof, the last date and time by which "governmental units" (as defined in section 101(27) of the Bankruptcy Code) may file Proofs of Claim under section 502(b)(9) of the Bankruptcy Code is **April 26, 2010 at 5:00 p.m. (Eastern Time).**

8. Any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (a "<u>Debt Claim</u>") on or under any agreements governing any syndicated credit facility or debt security issued by or for the benefit of FairPoint pursuant to an indenture (together, the "<u>Debt Instruments</u>") is not required to file a Proof of Claim with respect to such claim on or before the Bar Date if the administrative agent under the applicable credit facility or the indenture trustee under the applicable indenture files a master Proof of Claim on or before the Bar Date, on account of all Debt Claims of such person or entity under the applicable Debt Instruments, **provided, however**, that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies.

9. Notwithstanding anything in this Order to the contrary, pursuant to the Interim Order Under Bankruptcy Code Sections 105, 361, 362, 363, 364(c)(1),364(c)(2), 364(c)(3), 364(d)(1) And 364(e) And Bankruptcy Rules 2002, 4001 And 9014 (I) Authorizing Debtors To Obtain Postpetition Financing, (II) Authorizing Debtors To Use Prepetition Collateral, (III) Granting Adequate Protection To Prepetition Secured Parties And (IV) Scheduling Final Hearing (the "Interim DIP Order") [Docket No. 48],[1] Bank of America, N.A. as the Prepetition Administrative Agent (as defined in the Interim DIP Order), is authorized to file in the FairPoint's lead chapter 11 case (*In re FairPoint Communications, Inc*. (Case No. 09-16335 (BRL)) a single, master proof of claim on behalf of the Prepetition Secured Parties on account of any and all of their respective claims arising under the Prepetition Loan Documents and hereunder (the "Master Proof of Claim") against each of the Prepetition Credit Parties and each of the Pledgors. Upon the filing of the Master Proof of Claim against each of the Prepetition Credit Parties and each of the Pledgors, the Prepetition Administrative Agent and each Prepetition Secured Party, and each of their respective successors and assigns, shall be deemed to have filed a Proof of Claim in the amount set forth opposite its name therein in respect of its claims against each of the Prepetition Credit Parties and each of the Pledgors of any type or nature whatsoever with respect to the Prepetition Loan Documents, and the claim of each Prepetition Secured Party (and each of their respective successors and assigns), named in the Master Proof of Claim shall be treated as if such entity had filed a separate Proof of Claim in each of these cases. The Prepetition Administrative Agent shall not be required to amend the Master Proof of Claim to reflect a change in the holders of the claims set forth therein or a reallocation among such holders of the claims asserted therein resulting from the transfer of all

---

[1] Capitalized terms that are used but not defined in this decretal paragraph 9 shall have the meanings ascribed to them in the Interim DIP Order.

or any portion of such claims. The filing of the Master Proof of Claim shall not affect the right of each Prepetition Secured Party (or their successors in interest) to vote separately on any plan of reorganization proposed in these Cases. The Prepetition Administrative Agent shall not be required to file with the Master Proof of Claim any instruments, agreements or other documents evidencing the obligations owing by each of the Prepetition Credit Parties and each of the Pledgors to the Prepetition Secured Parties, which instruments, agreements or other documents will be provided upon written request to counsel for the Prepetition Administrative Agent.

10. Holders of FairPoint's equity securities do not need to file a proof of such interest, **provided however**, that if any such equity security holder asserting any rights as a creditor of any of FairPoint's estates, including a claim relating to such equity interest or the purchase or sale of such equity interest, shall be required to file a proof of such claim on or before the Bar Date pursuant to procedures set forth in this Order.

11. Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired leases must file a Proof of Claim based on such rejection by the later of either (i) the Bar Date; or (ii) the first business day that is at least thirty (30) days following the effective date of such rejection (unless the order authorizing such rejection provides otherwise).

12. All timely claims or reclamation demands arising under sections 503(b)(9) or 546(c) of the Bankruptcy Code, as applicable, that were delivered in accordance with the Court's Order Establishing Procedures For The Assertion, Resolution, And Satisfaction Of (I) Bankruptcy Code Section 503(b)(9) Claims And (II) Reclamation Claims (the "503(b)(9) and Reclamation Claims Procedures Order") [Docket No. 47] shall be deemed to satisfy the requirements set forth herein for filing a timely proof of claim in FairPoint's chapter 11 cases,

but only with respect to the claims asserted pursuant to the 503(b)(9) and Reclamation Claims Procedures Order; **provided, however**, that any person or entity who failed to deliver a claim or reclamation demand in accordance with the 503(b)(9) and Reclamation Claims Procedures Order shall not be entitled to file a claim or reclamation demand under sections 503(b)(9) or 546(c) of the Bankruptcy Code, as applicable, and any person or entity who intends to assert a claim in addition to a claim or reclamation demand previously asserted in accordance with the 503(b)(9) and Reclamation Claims Procedures Order shall be required to file a proof of claim by the Bar Date for such additional claim.

13. With regard to those holders of claims listed on the Schedules, FairPoint shall mail one or more Proof of Claim Form(s) (as appropriate) in substantially the form of the Proof of Claim Form annexed to the Motion as Exhibit A, indicating on each Proof of Claim Form (i) the particular debtor and its chapter 11 case number, (ii) the amount of the claim such creditor holds against such debtor entity as set forth in the Schedules, (iii) the type of claim held by such creditor (i.e., non-priority unsecured, priority unsecured or secured), and (iv) whether such claim is disputed, contingent, or unliquidated.

14. Any person or entity who desires to rely on the Schedules will have the responsibility for determining that their claim is accurately listed in the Schedules.

15. That notice of entry of this Order and of the Bar Date in a form substantially similar to the notice attached to the Motion as Exhibit B (the "Bar Date Notice"), which Bar Date Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient notice:

    a. if FairPoint serves the Bar Date Notice by first-class mail at least thirty-five (35) days prior to the Bar Date upon:

        i. the United States Trustee for Region 2 (the "U.S. Trustee");

        ii. counsel to the Committee;

iii. all persons or entities that have requested notice of the proceedings in FairPoint's chapter 11 cases;

iv. all persons or entities that have filed a Proof of Claim;

v. all creditors and other known holders of claims as of the date of entry of this Order, including all persons or entities listed on the Schedules at the addresses stated therein;

vi. all counterparties to FairPoint's executory contracts and unexpired leases;

vii. all parties to litigation with FairPoint;

viii. the District Director of Internal Revenue for the Southern District of New York and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units;

ix. all persons and entities listed on FairPoint's Master Service List (as defined in this Court's order establishing notice procedures, dated November 18, 2009 [Docket No. 162]) as of the date of entry of this Order; and

x. such additional persons and entities as deemed appropriate by FairPoint;

b. if, at least twenty-eight (28) days prior to the Bar Date, FairPoint publishes the Bar Date Notice, with any modification necessary for ease of publication, in *The Wall Street Journal*; and

c. if FairPoint posts the Proof of Claim form and the Bar Date Notice on BMC's website at www.bmcgroup.com/fairpoint.

16. If FairPoint amends or supplements the Schedules subsequent to the date hereof, but before service of the Bar Date Notice, then service of the personalized Proof of Claim attached to the Bar Date Notice shall be good and sufficient notice under Bankruptcy Rule 1009(a), and no other notice of amendment of the Schedules shall be required.

17. If FairPoint amends or supplements its Schedules subsequent to the passing of the Bar Date in a manner that (i) reduces the liquidated amount of a scheduled claim; (ii) reclassifies a scheduled, undisputed, liquidated, non-contingent claim as disputed, unliquidated, or contingent; (iii) reduces the priority of a scheduled claim; or (iv) changes the debtor against whom a claim was scheduled, and the affected claimant does not agree with such amendment,

then the affected claimant who has not already filed a Proof of Claim in advance of the Bar Date with respect to such scheduled claim must file a Proof of Claim on the <u>later</u> of either (a) the first business day that is at least thirty (30) calendar days after the mailing of the notice of such amendment in accordance with Bankruptcy Rule 1009, or (b) such other time as may be established by order of the Court in connection with a motion to amend the Schedules, but in each instance, only to the extent such Proof of Claim does not exceed the amount scheduled for such claim before the amendment.

18. If an amendment to the Schedules is made after the Bar Date that increases the scheduled amount of an undisputed, liquidated, non-contingent claim, the holder of such claim is not entitled to file a Proof of Claim.

19. Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in the appropriate form shall not be treated as a creditor with respect to such claim, and shall be barred from asserting such claim against FairPoint and their chapter 11 estates, from voting to accept or reject any plan of reorganization filed in these chapter 11 cases, and from participating in any distribution in any of FairPoint's cases on account of such claim.

20. Notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with claims they may have against FairPoint in these chapter 11 cases.

21. FairPoint and BMC are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

22. Entry of this Order is without prejudice to the right of FairPoint to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Date established herein must file Proofs of Claim or barred from doing so.

23. Nothing in this Order shall prejudice the right of FairPoint or any other party in interest to object to any Proof of Claim, whether filed or scheduled, on any grounds, or to dispute or assert offsets or defenses to any claim reflected in the Schedules or any amendments thereto as to amount, liability, classification or otherwise or to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

24. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: February 4, 2010
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　/s/Burton R. Lifland_____
　　　　　　　　　　　　　　　　　　　　THE HONORABLE BURTON R. LIFLAND
　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE