**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
: 
**In re:** : **Chapter 11**
: 
**FAIRPOINT COMMUNICATIONS, INC.,** *et al.*, : **Case No. 09-16335 (BRL)**
: 
**Debtors.** : **(Jointly Administered)**
: 
---------------------------------------------------------------- x

<u>**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**</u>
<u>**ON OR BEFORE MARCH 18, 2010 AT 5:00 P.M. (EASTERN TIME)**</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS
AGAINST ANY OF THE DEBTOR ENTITIES LISTED HEREIN:

     **PLEASE TAKE NOTICE THAT**, on February __, 2010, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), having jurisdiction over the chapter 11 cases of FairPoint Communications, Inc. ("<u>FairPoint Communications</u>"), and its debtor affiliates, as debtors and debtors in possession (collectively, "<u>FairPoint</u>"), entered an order (the "<u>Bar Date Order</u>") establishing **March 18, 2010, at 5:00 p.m.** (**Eastern Time**) (the "<u>Bar Date</u>") as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures and trusts), to file a proof of claim ("<u>Proof of Claim</u>") based on prepetition claims against FairPoint Communications and its debtor affiliates.

     The Bar Date Order, the Bar Date, and the procedures set forth below for the filing of Proofs of Claim apply to all claims (other than those set forth below as being specifically excluded) against FairPoint that arose prior to **October 26, 2009** (the "<u>Petition Date</u>"), the date on which FairPoint Communications and its debtor affiliates commenced cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). A list of all debtors and their case numbers is attached hereto as <u>Appendix A</u>.

**1.**     <u>**WHO MUST FILE A PROOF OF CLAIM**</u>

     You **MUST** file a Proof of Claim to vote on a chapter 11 plan filed by FairPoint or to share in distributions from FairPoint's bankruptcy estates if you have a claim that arose prior to the Petition Date and it is not one of the types of claims set forth in sections 4, 5 and 6 below. Claims based on acts or omissions of FairPoint that occurred before the Petition Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

     Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.**     <u>**WHAT TO FILE**</u>

     FairPoint is enclosing a Proof of Claim form ("<u>Proof of Claim Form</u>") attached hereto for use in these cases. If your claim is scheduled by FairPoint, the form also sets forth the amount of your claim as scheduled by FairPoint, the specific debtor against which the claim is scheduled and whether the claim is scheduled as disputed, contingent or unliquidated. You will receive a different Proof of Claim Form for each claim scheduled in your name by FairPoint. You may utilize the Proof of Claim Form(s) provided by FairPoint to file your claim.

     All Proofs of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim Form or Official Bankruptcy Form No.10 ("<u>Official Form 10</u>"); (iv) state the debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is

not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

If you are asserting a claim against more than one debtor, **separate** Proofs of Claim must be filed against each such debtor and all holders of claims must identify on their Proof of Claim the specific debtor against which their claim is asserted and the case number of that debtor's bankruptcy case. A list of all debtors and their case numbers is attached hereto as Appendix A.

Any Proof of Claim properly filed prior to the mailing of this notice shall be deemed to be and shall be treated as a properly filed claim subject to the right of FairPoint or any party in interest to object to the allowance thereof. No additional Proof of Claim is required with respect to such claim.

Additional Official Form 10's and Proof of Claim Forms may be obtained for free at www.uscourts.gov/bkforms or www.bmcgroup.com/fairpoint.

3. **WHEN AND WHERE TO FILE**

Except as provided herein, all Proofs of Claim must be filed so as to be received on or before the Bar Date at the following address:

| **By regular US mail:** | **By Messenger or overnight courier:** |
|---|---|
| BMC Group, Inc.<br>Attn: FairPoint Communications, Inc. Claims Processing<br>PO Box 3020<br>Chanhassen, MN 55317-3020 | BMC Group, Inc.<br>Attn: FairPoint Communications, Inc. Claims Processing<br>18750 Lake Drive East<br>Chanhassen, MN 55317-3020<br><br>or<br><br>By hand delivery:<br><br>United States Bankruptcy Court, SDNY<br>One Bowling Green<br>Room 534<br>New York, NY 10004 |

Proofs of Claim will be deemed timely filed only if **actually received** by FairPoint's claims agent, BMC Group, Inc. ("BMC") or the Court on or before the Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

4. **WHO NEED NOT FILE A PROOF OF CLAIM**

You need not file a Proof of Claim on or before the Bar Date if:

i. You have **already** properly filed a Proof of Claim against FairPoint with the Clerk of the Court or BMC utilizing a claim form which substantially conforms to the Proof of Claim Form or Official Form 10;

ii. your claim is listed on FairPoint's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules") and (i) is **not** described as "disputed," "contingent," or "unliquidated,"; (ii) you do **not** dispute the amount or nature of the claim as set forth in the Schedules; and (iii) you do **not** dispute that the claim is an obligation of the specific debtor against which the claim is listed on the Schedules;

iii. you hold a claim that has been allowed by an order of this Court entered on or before the Bar Date;

iv. your claim has already been paid in full by FairPoint;

    v. you hold a claim for which a separate deadline has previously been fixed by this Court;

    vi. you are a debtor in these cases having a claim against another debtor;

    vii. you hold a claim under sections 503(b), 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of FairPoint's chapter 11 cases; or

    viii. you are a director of FairPoint who held such position on or after June 1, 2009, or you are a current officer or employee of FairPoint, to the extent that your claim against FairPoint is for indemnification, contribution, subrogation or reimbursement.

  If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing a Proof of Claim. Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust or governmental unit) must file a Proof of Claim, as described herein.

  **THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH FAIRPOINT BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST FAIRPOINT. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT FAIRPOINT OR THE COURT BELIEVES THAT YOU HAVE A CLAIM.**

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST FAIRPOINT OR IF THE CLAIM YOU HELD ON THE PETITION DATE HAS BEEN PAID.**

**5. SPECIAL CLAIMS**

 a. <u>Co-Debtors or Sureties</u>. Pursuant to Rule 3005 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the last date and time by which guarantors, sureties, indorsers, and other co-debtors may file claims under section 501(b) of the Bankruptcy Code is April 19, 2010 at 5:00 p.m. (Eastern Time).

 b. <u>Entities Asserting Claims Arising from the Recovery of a Voidable Transfer.</u> The last date for filing claims arising from the recovery by FairPoint of a voidable transfer is the later of either (i) the Bar Date; or (ii) the first business day that is at least thirty (30) calendar days after the entry of an order or judgment approving the avoidance of the transfer.

 c. <u>Governmental Units.</u> The last date and time by which "governmental units" (as defined in section 101(27) of the Bankruptcy Code) may file Proofs of Claim under section 502(b)(9) of the Bankruptcy Code is April 26, 2010 at 5:00 p.m. (Eastern Time).

 d. <u>Creditors Holding Claims that Were Altered by Amendments to FairPoint's Schedules</u>. If FairPoint amends or supplements the Schedules subsequent to the passing of the Bar Date in a manner that (i) reduces the liquidated amount of a scheduled claim; (ii) reclassifies a scheduled, undisputed, liquidated, non-contingent claim as disputed, unliquidated, or contingent; (iii) reduces the priority of a scheduled claim; or (iv) changes the debtor against whom a claim was scheduled, and the affected claimant does not agree with such amendment, then the affected claimant who has not already filed a Proof of Claim in advance of the Bar Date with respect to such scheduled claim must file a Proof of Claim on the later of (i) the first business day that is at least thirty (30) calendar days after the mailing of the notice of such amendment in accordance with Bankruptcy Rule 1009, or (ii) such other time as may be established by order of the Court in connection with a motion to amend the Schedules, but in each instance, only to the extent such Proof of Claim does not exceed the amount scheduled for such claim before the amendment. Creditors are not entitled to file a Proof of Claim under the authority of this paragraph if an amendment to the Schedules increases the scheduled amount of an undisputed, liquidated, non-contingent claim.

 e. <u>Debt Claims</u>. Any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (a "<u>Debt Claim</u>") on or under any agreements governing any syndicated credit facility or debt security issued by or for the benefit of FairPoint pursuant to an indenture (together, the "<u>Debt Instruments</u>") is not required to file a Proof of Claim with respect to such claim on or before the Bar Date if the administrative agent under

the applicable credit facility or the indenture trustee under the applicable indenture files a master Proof of Claim, on or before the Bar Date, on account of all Debt Claims of such person or entity under the applicable Debt Instruments, **provided**, **however**, that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies.

f.        <u>Equity Security Holders</u>. If you are a holder of FairPoint's equity securities you do not need to file a proof of such interest.  However, any equity security holder asserting any rights as a creditor of any of FairPoint's estates, including a claim relating to such equity interest or the purchase or sale of such equity interest, is required to file a proof of such claim on or before the Bar Date pursuant to procedures set forth in the Bar Date Order.

g.        <u>Claims arising under Sections 503(b)(9) or 546(c) of the Bankruptcy Code</u>.  All timely claims or reclamation demands arising under sections 503(b)(9) or 546(c) of the Bankruptcy Code, as applicable, that were delivered in accordance with the Court's Order Establishing Procedures For The Assertion, Resolution, And Satisfaction Of (I) Bankruptcy Code Section 503(b)(9) Claims And (II) Reclamation Claims (the "<u>503(b)(9) and Reclamation Claims Procedures Order</u>") [Docket No. 47] shall be deemed to satisfy the requirements set forth herein for filing a timely proof of claim in FairPoint's chapter 11 cases, but only with respect to the claims asserted pursuant to the 503(b)(9) and Reclamation Claims Procedures Order; **provided**, **however**, that any person or entity who failed to deliver a claim or reclamation demand in accordance with the 503(b)(9) and Reclamation Claims Procedures Order shall not be entitled to file a claim or reclamation demand under sections 503(b)(9) or 546(c) of the Bankruptcy Code, as applicable, and any person or entity who intends to assert a claim in addition to a claim or reclamation demand previously asserted in accordance with the 503(b)(9) and Reclamation Claims Procedures Order shall be required to file a proof of claim by the Bar Date for such additional claim.

## 6.        EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any person or entity holding a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date, and (ii) the date that is thirty (30) days following the effective date of such rejection, to share in FairPoint's estate.

## 7.        CONSEQUENCES OF A FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTIONS 4, 5 AND 6 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST FAIRPOINT AND ITS CHAPTER 11 ESTATES, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN FAIRPOINT'S CASES ON ACCOUNT OF SUCH CLAIM.**

## 8.        FAIRPOINT'S SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against FairPoint in the Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Form regarding the nature, amount and status of your claim.  If you received postpetition payments from FairPoint (as authorized by the Court) on account of your claim(s), the enclosed Proof of Claim Form(s) will reflect the net amount of your claim(s). If FairPoint believes that you may hold claims against more than one debtor, you will receive multiple Proofs of Claim Forms, each of which will reflect the nature and amount of your claim against one debtor, as listed on the Schedules.

If you rely on FairPoint's Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  As set forth above, if you agree with the nature, amount, and status of your claim as listed in FairPoint's Schedules, and if you do not dispute that your claim is only against the specified debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date and in accordance with the procedures set forth in this notice.

You may access the Schedules on-line at the website of FairPoint's claims agent, BMC Group, Inc. at <u>www.bmcgroup.com/fairpoint</u>.  Copies of the Schedules are also available for inspection on the Court's Internet Website at <u>www.nysb.uscourts.gov</u>.  A login and password to the Court's Public Access to Electronic Court Records ("<u>PACER</u>")

are required to access this information and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:00 p.m. (Eastern Time), Monday through Friday at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004. Copies of FairPoint's Schedules may also be obtained by submitting a request to FairPoint's claims agent, BMC Group, Inc., at 888-909-0100.

**A HOLDER OF A POSSIBLE CLAIM AGAINST FAIRPOINT SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

THIS NOTICE IS ONLY A SUMMARY OF THE BAR DATE ORDER. ALL PARTIES IN INTEREST ARE REFERRED TO THE BAR DATE ORDER ITSELF AND TO THE BANKRUPTCY CODE, BANKRUPTCY RULES AND THE LOCAL BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT OF NEW YORK FOR ADDITIONAL INFORMATION REGARDING THE FILING AND TREATMENT OF PROOFS OF CLAIM AND SHOULD CONSULT WITH THEIR OWN LEGAL ADVISORS.

DATED: February __, 2010    **BY ORDER OF THE COURT**
New York, NY

PAUL HASTINGS JANOFSKY & WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Counsel to the Debtors*
*and Debtors in Possession*

**ALL INQUIRIES REGARDING THIS NOTICE SHOULD BE DIRECTED TO**
**FAIRPOINT'S CLAIMS AGENT, BMC GROUP INC., AT (888) 909-0100**

# APPENDIX A

# LIST OF DEBTORS

| DEBTOR NAME | CASE NUMBER |
|---|---|
| C & E COMMUNICATIONS, LTD. | 09-16333-BRL |
| BERKSHIRE NEW YORK ACCESS, INC. | 09-16334-BRL |
| FAIRPOINT COMMUNICATIONS, INC. | 09-16335-BRL |
| BE MOBILE COMMUNICATIONS, INCORPORATED | 09-16336-BRL |
| BENTLEYVILLE COMMUNICATIONS CORPORATION | 09-16337-BRL |
| BERKSHIRE CABLE CORP. | 09-16338-BRL |
| BERKSHIRE CELLULAR, INC. | 09-16339-BRL |
| BERKSHIRE NET, INC. | 09-16340-BRL |
| BERKSHIRE TELEPHONE CORPORATION | 09-16341-BRL |
| BIG SANDY TELECOM, INC. | 09-16342-BRL |
| BLUESTEM TELEPHONE COMPANY | 09-16343-BRL |
| COLUMBINE TELECOM COMPANY | 09-16344-BRL |
| COMERCO, INC. | 09-16345-BRL |
| COMMTEL COMMUNICATIONS INC. | 09-16346-BRL |
| COMMUNITY SERVICE TELEPHONE CO. | 09-16347-BRL |
| EL PASO LONG DISTANCE COMPANY | 09-16348-BRL |
| ENHANCED COMMUNICATIONS OF NORTHERN NEW ENGLAND INC. | 09-16349-BRL |
| EXOP OF MISSOURI, INC. | 09-16350-BRL |
| FAIRPOINT BROADBAND, INC. | 09-16351-BRL |
| FAIRPOINT CARRIER SERVICES, INC. | 09-16352-BRL |
| FAIRPOINT COMMUNICATIONS MISSOURI, INC. | 09-16353-BRL |
| FAIRPOINT COMMUNICATIONS SOLUTIONS CORP. – NEW YORK | 09-16354-BRL |
| FAIRPOINT COMMUNICATIONS SOLUTIONS CORP. – VIRGINIA | 09-16355-BRL |
| FAIRPOINT LOGISTICS, INC. | 09-16356-BRL |
| FAIRPOINT VERMONT, INC. | 09-16357-BRL |
| FREMONT BROADBAND, LLC | 09-16358-BRL |
| FREMONT TELCOM CO. | 09-16359-BRL |
| GTC COMMUNICATIONS, INC. | 09-16360-BRL |
| YCOM NETWORKS, INC. | 09-16361-BRL |
| UNITE COMMUNICATIONS SYSTEMS, INC. | 09-16362-BRL |
| THE EL PASO TELEPHONE COMPANY | 09-16363-BRL |
| ODIN TELEPHONE EXCHANGE, INC. | 09-16364-BRL |
| NORTHERN NEW ENGLAND TELEPHONE OPERATIONS LLC | 09-16365-BRL |
| MJD SERVICES CORP. | 09-16366-BRL |
| GTC FINANCE CORPORATION | 09-16367-BRL |
| GTC, INC. | 09-16368-BRL |
| PEOPLES MUTUAL LONG DISTANCE COMPANY | 09-16369-BRL |
| PEOPLES MUTUAL SERVICES COMPANY | 09-16370-BRL |
| PEOPLES MUTUAL TELEPHONE COMPANY | 09-16371-BRL |
| RAVENSWOOD COMMUNICATIONS, INC. | 09-16372-BRL |
| YATES CITY TELEPHONE COMPANY | 09-16373-BRL |
| CHOUTEAU TELEPHONE COMPANY | 09-16374-BRL |
| CHAUTAUQUA AND ERIE TELEPHONE CORPORATION | 09-16375-BRL |
| CHINA TELEPHONE COMPANY | 09-16376-BRL |
| GITCO SALES, INC. | 09-16377-BRL |
| GIT-CELL, INC. | 09-16378-BRL |
| GERMANTOWN LONG DISTANCE COMPANY | 09-16379-BRL |
| FRETEL COMMUNICATIONS, LLC | 09-16380-BRL |
| ELLTEL LONG DISTANCE CORP. | 09-16381-BRL |
| ELLENSBURG TELEPHONE COMPANY | 09-16382-BRL |
| C-R TELEPHONE COMPANY | 09-16384-BRL |
| C-R LONG DISTANCE, INC. | 09-16386-BRL |
| C-R COMMUNICATIONS, INC. | 09-16387-BRL |
| MAINE TELEPHONE COMPANY | 09-16388-BRL |
| SUNFLOWER TELEPHONE COMPANY, INC. | 09-16389-BRL |
| MARIANNA AND SCENERY HILL TELEPHONE COMPANY | 09-16391-BRL |
| MARIANNA TEL, INC. | 09-16392-BRL |

| | |
|---|---|
| STANDISH TELEPHONE COMPANY | 09-16394-BRL |
| ST LONG DISTANCE, INC. | 09-16395-BRL |
| ST ENTERPRISES, LTD. | 09-16397-BRL |
| ST COMPUTER RESOURCES, INC. | 09-16398-BRL |
| SIDNEY TELEPHONE COMPANY | 09-16399-BRL |
| UTILITIES, INC. | 09-16400-BRL |
| TELEPHONE SERVICE COMPANY | 09-16401-BRL |
| MJD VENTURES, INC. | 09-16402-BRL |
| NORTHLAND TELEPHONE COMPANY OF MAINE, INC. | 09-16404-BRL |
| THE ORWELL TELEPHONE COMPANY | 09-16405-BRL |
| QUALITY ONE TECHNOLOGIES, INC. | 09-16406-BRL |
| TACONIC TECHNOLOGY CORP. | 09-16407-BRL |
| TACONIC TELCOM CORP. | 09-16408-BRL |
| TACONIC TELEPHONE CORP. | 09-16409-BRL |
| TELEPHONE OPERATING COMPANY OF VERMONT LLC | 09-16410-BRL |
| ORWELL COMMUNICATIONS, INC. | 09-16411-BRL |
| THE COLUMBUS GROVE TELEPHONE COMPANY | 09-16412-BRL |
| THE GERMANTOWN INDEPENDENT TELEPHONE COMPANY | 09-16413-BRL |
| UI COMMUNICATIONS, INC. | 09-16414-BRL |
| UI LONG DISTANCE, INC. | 09-16415-BRL |
| UI TELECOM, INC. | 09-16416-BRL |
| ST. JOE COMMUNICATIONS, INC. | 09-16423-BRL |
| CHAUTAUQUA & ERIE COMMUNICATIONS, INC. | 09-16424-BRL |