Luc A. Despins, Esq.
James T. Grogan, Esq.
PAUL HASTINGS JANOFSKY & WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                          :
**In re:**                                :   **Chapter 11**
                                          :
**FAIRPOINT COMMUNICATIONS, INC.,** *et al.*,:   **Case No. 09-16335 (BRL)**
                                          :
             **Debtors.**                 :   **(Jointly Administered)**
                                          :
-------------------------------------------------------------x

### NOTICE OF HEARING ON FAIRPOINT'S MOTION TO ESTIMATE THE MAXIMUM ALLOWED AMOUNT OF PROOFS OF CLAIM FILED BY UNIVERSAL SERVICE ADMINISTRATIVE COMPANY PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 502(c)

**PLEASE TAKE NOTICE** that, upon the annexed Motion, dated June 15, 2010

(the "Motion"), of FairPoint Communications, Inc. ("FairPoint Communications") and its

affiliated debtors, as debtors in possession (collectively, "FairPoint"), for entry of an order

pursuant to sections 105(a) and 502(c) of title 11 of the United States Code estimating the

maximum allowed amount of proofs of claim filed by Universal Service Administrative

Company, as more fully set forth in the Motion, a hearing will be held before the Honorable

Burton R. Lifland, United States Bankruptcy Judge, in Room 623 of the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004, on July 15, 2010 at 10:00 a.m. (Eastern Time), or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules, and shall be filed with the Bankruptcy Court (i) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (ii) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (a) Paul, Hastings, Janofsky & Walker LLP, attorneys for FairPoint, 75 East 55th Street, New York, NY 10022, Attn: Luc A. Despins, Esq. and James T. Grogan, Esq.; (b) FairPoint, c/o FairPoint Communications, Inc., 521 East Morehead Street, Suite 500, Charlotte, NC 28202, Attn: Susan L. Sowell, Esq.; (c) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, NY 10004, Attn: Andrew D. Velez-Rivera, Esq.; (d) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099, Attn: Margot B. Schonholtz, Esq., attorneys to Bank of America, N.A. as administrative agent for FairPoint's prepetition secured lenders; (e) Andrews Kurth LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Paul N. Silverstein, Esq. and Jonathan I. Levine, Esq., attorneys to the official committee of unsecured creditors; (f) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn: Kristopher M. Hansen, Esq., attorneys to the ad hoc committee of FairPoint's senior noteholders; (g) Cohen, Weiss and Simon LLP, 330 West 42nd Street, 25th Floor, New York, NY 10036-6976, Attn: David R. Hock and

(h) Universal Service Administrative Company, Office of the General Counsel, 2000 L Street NW, Suite 200, Washington DC 20036, Attn: Stefani Watterson, Assistant General Counsel; so as to be received no later than July 8, 2010 at 4:00 p.m. (Eastern Time) (the "<u>Objection Deadline</u>").  If no objections are timely filed and served with respect to the Motion, FairPoint may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 15, 2010
      New York, New York

/s/ James T. Grogan        
Luc A. Despins, Esq.
James T. Grogan, Esq.
PAUL HASTINGS JANOFSKY &
WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
Telephone:  (212) 318-6000
Facsimile:   (212) 319-4090

*Counsel to the Debtors*
*and Debtors in Possession*

Luc A. Despins, Esq.
James T. Grogan, Esq.
PAUL HASTINGS JANOFSKY & WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                           :
**In re:**                                 :   **Chapter 11**
                                           :
**FAIRPOINT COMMUNICATIONS, INC.,** *et al.,*:   **Case No. 09-16335 (BRL)**
                                           :
        **Debtors.**                       :   **(Jointly Administered)**
                                           :
-------------------------------------------------------------X

**FAIRPOINT'S MOTION TO ESTIMATE THE MAXIMUM ALLOWED AMOUNT OF
PROOFS OF CLAIM FILED BY UNIVERSAL SERVICE ADMINISTRATIVE
COMPANY PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 502(c)**

TO THE HONORABLE BURTON R. LIFLAND:

   FairPoint Communications, Inc. ("FairPoint Communications") and its affiliated

debtors, as debtors in possession (collectively, "FairPoint"), respectfully represent:

**PRELIMINARY STATEMENT**

   1.  The Universal Service Administrative Company ("USAC") filed 54 contingent

and unliquidated proofs of claim which, if not liquidated, will delay the administration of these

chapter 11 cases. Many of these claims were filed in an "$uncertain" amount because USAC has

no evidence that FairPoint owes any money on account of such claims. Other claims, although

filed in a fixed amount, remain contingent upon the completion of an audit process.

Accordingly, FairPoint requests that USAC's contingent and unliquidated claims be estimated in the maximum amounts as set forth on Exhibit A and Exhibit B.

## JURISDICTION

2.      The Court has jurisdiction over this matter under 28 U.S.C. § 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      The statutory and rule-based predicates for the relief sought herein are sections 105(a) and 502(c) of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND
### General

4.      On October 26, 2009 (the "Petition Date"), FairPoint commenced voluntary cases in this Court under the Bankruptcy Code.  FairPoint is authorized to continue to operate its business and manage its properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      FairPoint's chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b).  On November 10, 2009, the Office of the United States Trustee appointed an official committee of unsecured creditors in these chapter 11 cases.

### Relationship of FairPoint and the Universal Service Administrative Company

6.      Pursuant to the Communications Act of 1934, the Federal Communications Commission (the "FCC") established the federal Universal Service Fund (the "USF") to subsidize the cost of telephone service for residents of rural communities, low-income consumers, rural health care providers, schools and libraries.  All telephone companies are required to contribute to the USF based on their interstate and international telecommunications

revenue.  USAC collects USF funds and distributes them to the local telephone companies providing telephone service to such customers.

### a.     Contributions to the USF

7.     Generally, telephone companies include a charge for USF fees on customer invoices.  Telephone companies forward the USF fees collected from their customers to USAC on a monthly basis.  Annually, every telephone company that contributes to the USF must provide a report detailing its interstate and international telecommunications revenue verifying whether they made the appropriate monthly contributions to the USF.

### b.     Cost Recovery Pursuant to USF Programs

8.     After USAC collects and pools the USF funds contributed by carriers, it allocates and distributes these funds to the telephone companies that provide service to eligible areas and customers in order to reduce the cost of providing such service.

9.     In order to receive funding under USF programs, telephone carriers provide annual reports ("USF Reports") to USAC detailing costs and expenses that are recoverable under the USF programs.  Based on the data provided in the USF Reports, qualified telephone companies receive funds from the USF.

### c.     USAC Audits

10.     FairPoint's telephone companies include: (a) companies that only contribute funds to the USF and receive no funding under USF programs, (b) companies that contribute to the USF and receive funds under USF programs but do not have any open audits pending, and (c) companies that contribute to the USF and receive funds under USF programs and have an open audit pending.

11.     USAC conducted audits of FairPoint regarding USF funding that FairPoint received in 2006, 2007 and 2008.

12.     If an entity is audited, its USF Report is reviewed by a third-party auditor. Following this review, the auditor submits an "Independent Accountants' Report" to USAC which USAC uses to seek a return of funds that it believes were improperly awarded under USF programs. Audited telephone companies have the right to judicial review of audits. The entire process takes several years after the funds are initially received by a telephone company.

### Proofs of Claim Filed by USAC

**a.     Unliquidated Claims**

13.     USAC has filed 44 proofs of claim against FairPoint entities that either (a) are not required to contribute funds to the USF as they are not a telephone operating company and do not generate any telecommunications revenues; (b) only contribute funds to the USF and receive no funding under USF programs; or (c) contribute to the USF and receive funds under USF programs but do not have any open audits pending against them. These proofs of claim are identified on Exhibit A as "Unliquidated Claims." USAC has listed the amount owed on account of each of these unknown and unliquidated claims as "$uncertain."

14.     As these companies either (a) are not required to contribute to USF, (b) receive no funding under the USF programs, and/or (c) have no open audits pending against them they would not be required to pay USAC on account of its claims.

**b.     Contingent Claims**

15.     USAC has also filed 10 proofs of claims against debtors that contribute to, and receive funds from, the USF. These debtors also have open audits pending against them. The proofs of claim against such debtors are identified on Exhibit B as "Contingent Claims." Each Contingent Claim contains two components: (a) a liquidated amount based on the results of audits already conducted by USAC in 2008 and 2009 for payments made by USAC in 2006, 2007, and 2008 and (b) a portion listed as "$uncertain," which is presumably a placeholder for

unknown claims that USAC may have in the future relating to contributions or funds received under USF programs.

## RELIEF REQUESTED

16.     By this Motion, FairPoint respectfully requests that this Court enter an order, pursuant to Bankruptcy Code sections 105(a) and 502(c), estimating the maximum allowable amount for the claims as set forth on Exhibit A and Exhibit B.

## Estimation of Claims

17.     Section 502(c) of the Bankruptcy Code requires a bankruptcy court to estimate contingent or unliquidated claims when failing to do so would unduly delay administration of a debtor's case. *See In re Chateaugay Corp.*, 10 F.3d 944, 957 (2d Cir. 1993); *Bittner v. Borne Chem. Co.*, 691 F.2d 134, 135-137 (3d Cir. 1982). Whether a bankruptcy court should estimate a claim is not discretionary, but rather, "section 502(c) of the Bankruptcy Code *requires* the court to estimate contingent and unliquidated claims to prevent undue delay in the administration of the case." *In re Frontier Airlines, Inc.*, 137 B.R. 811, 814 (D. Colo. 1992) (emphasis in the original).

18.     Courts addressing claims estimation pursuant to section 502(c) of the Bankruptcy Code have held that bankruptcy courts are not limited, other than by general principles of equity, in their authority to evaluate and estimate claims. *See In re Thomson McKinnon Securities, Inc.*, 191 B.R. 976, 979 (Bankr. S.D.N.Y. 1996). Thus, the estimation of a claim represents the court's best estimate of the allowed amount of a claim for the purpose of permitting the administration of the case to go forward and not cause undue delay. *See, e.g., Chateaugay*, 10 F.3d at 957. Importantly, the estimation of a claim, "conclusively sets the outer limits of a claimant's right to recover" from a debtor. *See In re Baldwin-United Corp.*, 55 B.R. 885, 898 (Bankr. S.D. Ohio 1985).

19.     Here, the Court should estimate the claims in the maximum amounts indicated on

Exhibit A and Exhibit B because these claims have no basis in law or fact, or they exceed the

amount owed by FairPoint under applicable non-bankruptcy law.[1]     *Foster v. Granite*

*Broadcasting Corp. (In re Granite Broadcasting Corp.)*, 385 B.R. 41, 49 (S.D.N.Y. 2008) (claim

valued at zero dollars when court found the claim had no basis in law or fact and no likelihood of

success).  If the Court determines that USAC's likelihood of success on the merits is very low,

the claims are properly valued at $0 even if there remains some theoretical possibility that the

claimant could eventually prevail on its claim.  *See In re Ralph Lauren Womenswear, Inc*., 197

B.R. 771, 778 (Bankr. S.D.N.Y. 1996) (court estimated a disputed claim at zero, because it

concluded that it was "unlikely" the claim would be allowed as an unsecured claim when fully

litigated); s*ee also In re Kaplan*, 186 B.R. 871, 874 (Bankr. D. N.J. 1995) ("[i]t is not

inappropriate to value a party's claim at zero where the claim is contingent and where the

bankruptcy court finds that the party probably would not succeed on the merits in a state court

action").

### a.     The Unliquidated Claims Should Be Estimated at Zero Dollars

20.     FairPoint has reviewed each Unliquidated Claim and determined that, based upon

its books and records, there is no liability with respect to such claims. FairPoint forwards the

USF funds received from its customers to USAC on a monthly basis.  Moreover, in order to

ensure that FairPoint paid all USF fees, including those that were incurred prior to the Petition

Date, FairPoint received authorization to pay any outstanding USF fees pursuant to the Court's

---

[1]     Section 9.22 of FairPoint's proposed joint plan of reorganization (the "Plan") expressly contemplates the
estimation of unliquidated claims so that appropriate reserves can be established on the Effective Date (as
defined in the Plan).  Unless USAC's unliquidated and contingent claims are estimated as requested herein,
FairPoint will be unable to determine the amount of the reserves to be set aside by the Effective Date, as
required by section 9.22 of the Plan.  The liquidation of these unliquidated and contingent claims prior to the
Effective Date will unduly delay the administration of this case.

*Final Order Pursuant to Bankruptcy Code Sections 363(b), 507(a)(8), 541, and 105(a), Authorizing Debtors to Pay Prepetition Taxes and Fees* dated November 18, 2009 [Docket No. 166]. Additionally, as noted above, some of the Unliquidated Claims were filed against debtors that are not required to contribute to the USF and therefore, no legal or factual basis exists for such claims. Finally, none of the Unliquidated Claims were filed against debtors that contribute and receive USF funds and that are subject to a pending audit. Therefore, these debtors would not be required disgorge any funds received under USF programs prior to the Petition Date.

21. Accordingly, FairPoint requests that the Court estimate the maximum allowable amount of each Unliquidated Claim listed on <u>Exhibit A</u> at zero dollars.

**b. Contingent Claims**

22. FairPoint has reviewed each Contingent Claim identified on <u>Exhibit B</u> and determined that one or more of the following defenses apply to such claim:

23. <u>Cost of Cash Working Capital is a Recoverable Expense</u>: USAC's claims seek disgorgement of $1,196,908 in USF funding that FairPoint received on account of the cost of cash working capital. These claims are improper because, pursuant to applicable regulations, FairPoint may recover the cost of the cash working capital that it requires to provide services under USF programs. *See* 47 C.F.R. Part 65.820(d) (allowing cash working capital as a component of rate base); 47 C.F.R. Part 36.182(a) (recognizing that cash working capital is a tangible asset of a telephone company).[2] Although USAC has acknowledged that the cost of cash working capital is eligible for recovery under USF programs, it inappropriately disallowed 100% of the reimbursements received related to this cost. Accordingly, FairPoint requests that the maximum allowed amount of Contingent Claims be reduced by $1,196,908 in the aggregate.

---

[2] An addendum containing relevant excerpts from the regulations cited herein is attached to the Motion.

24.     Original Invoices Are Not Required to Support Accounting: USAC's claims seek disgorgement of $391,466 in USF funding that FairPoint received on account of the cost of equipment used to provide service in rural areas.  The conclusions reached in USAC's audits are invalid because USAC and its auditors required FairPoint to produce original invoices to support cost allocation and depreciation of certain tangible network assets.  This was an unreasonable and unwarranted requirement, however, because nothing in the applicable regulations requires the production of *original invoices* to demonstrate the costs associated with assets.  Rather, a telephone company has the right to support requests for funding from USF with, among other things, its general ledger, accounting reports, and other relevant evidence.  *See e.g.* 47 C.F.R. Part 54.202(e) (stating that various documents, including maintenance contracts, accounting records,  and general ledgers, among others should be used to demonstrate to auditors that the funding received was appropriate); *see also* FCC Order 07-150 (stating that records should include, among others, fixed asset property accounting records, general ledgers, and other relevant documentation).  FairPoint produced such evidence to USAC in support of the funding it has received.  The proof provided to USAC is sufficient to support FairPoint's accounting under applicable regulations.  *See id.*  Accordingly, FairPoint requests that the maximum allowed amount of the Contingent Claims be reduced by $391,466 in the aggregate.

25.     Employee Costs Should Be Allocated by Function Rather Than Title: USAC's claims seek disgorgement of $263,341 in USF funding that FairPoint received on account of its employee costs.  These claims are improper because FairPoint properly allocated the salaries of employees who provided services for debtors that received USF funding.  In its audits, USAC improperly disallowed FairPoint's allocation of employee salaries based solely on each employee's title.  Applicable regulations, however, provide that an employee's <u>function</u> should

dictate the allocation of their cost, not their title. *See* 47 C.F.R. Part 32.5999(a)(2) (stating that accounts should reflect the costs of *functions* performed by people); 47 C.F.R. Part 32.5999(b)(4) (stating that when the operation of equipment is performed as part of an identifiable *function* the cost shall be charged to accounts appropriate for those functions). FairPoint properly allocated employee costs based on the function the employees performed for FairPoint's telephone companies. Accordingly, FairPoint requests that the maximum allowed amount of the Contingent Claims be reduced by $263,341 in the aggregate.

26. <u>The Audits are Not Intended to Remedy Immaterial Non-Compliance</u>: USAC's claims seek disgorgement of $86,179 in USF funding that FairPoint received based on alleged instances of immaterial non-compliance in FairPoint's accounting. These claims are improper because these immaterial deficiencies were omitted from the auditor's reports. Moreover, comments from the auditors regarding immaterial non-compliance were simply intended to improve FairPoint's internal controls and were never meant to be used as a tool to force FairPoint to disgorge payments made under USF programs. *See e.g.* KPMG Management Letter dated August 5, 2009, pg. 1, annexed to the Addendum to the Motion as <u>Exhibit 1</u> (stating that "we noted immaterial noncompliance, that were not in our report . . . and [they] are presented for your *consideration* . . . We aim to use our knowledge of your organization . . . *to make comments and suggestions that we hope will be useful to you*.")(emphasis added). USAC used these unreported immaterial findings to recover certain payments made to FairPoint – a use that defies the intent and purpose of the audit. In fact, pursuant to *Government Auditing Standards* the auditors were only required to report "significant deficiencies and material weaknesses in internal control over compliance, violations of provisions of contracts or grant agreements or abuse that could have a material effect . . . and any fraud or illegal acts that are more than

inconsequential". *Id.* Accordingly, FairPoint requests that the maximum allowed amount of the Contingent Claims be reduced by $86,179 in the aggregate.

27. With respect to the portion identified on each Contingent Claim as "$uncertain," such claims are presumably acting as a placeholder for unknown claims that USAC may have in the future relating to contributions or funds received under USF programs. For the reasons stated above, there is no liability with respect to these future, contingent, unknown, unliquidated claims because FairPoint forwards the funds received by its customers to USAC on a monthly basis.

28. Based on the foregoing, FairPoint requests that this Court enter an order estimating the maximum allowable amount of each Contingent Claim at the amount set forth on Exhibit B.

### **RESERVATION OF RIGHTS**

29. Nothing herein shall constitute an admission of liability by FairPoint with respect to any claim. FairPoint reserves its rights to object to any claim to the extent that such claim is not estimated, expunged or disallowed on any grounds whatsoever at a later date. FairPoint further reserves its rights to initiate adversary proceedings with respect to claims FairPoint may assert against USAC as it discovers the basis for any such proceedings.

### **NOTICE**

30. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided pursuant to this Court's Order, dated November 18, 2009, establishing notice procedures in these chapter 11 cases [Docket No. 162], and has been served via first class U.S. mail upon USAC. In light of the nature of the relief requested herein, FairPoint submits that no other or further notice need be provided.

31. No previous request for the relief sought herein has been made by FairPoint to this or any other court.

**WHEREFORE**, FairPoint respectfully requests that the Court enter an Order, substantially in the form attached hereto, (i) estimating the maximum allowable amount of each "Unliquidated Claim" on <u>Exhibit A</u> at zero dollars; (ii) estimating the maximum allowable amount of each "Contingent Claim" at the amounts set forth on <u>Exhibit B</u>; and (iii) granting such other and further relief as is warranted and just.

Dated: June 15, 2010
     New York, New York

/s/ James T. Grogan
Luc A. Despins, Esq.
James T. Grogan, Esq.
PAUL HASTINGS JANOFSKY &
WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
Telephone:  (212) 318-6000
Facsimile:   (212) 319-4090

*Counsel to the Debtors
and Debtors in Possession*

# **EXHIBIT A**

Unliquidated Claims

**Exhibit A**
**Unliquidated Claims**

In re:FairPoint Communications, Inc., et al.
Case No 09-16335 Jointly Administered

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **6670** | 09-16333 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6671** | 09-16336 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6673** | 09-16338 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---------|--------|------------------------------|--|---------|----------------|----------|-----------|-------|
| **6674**<br>**Filed On:** | 09-16341<br>3/18/2010 | **Creditor:**<br>UNIVERSAL SERVICE ADMINISTRATIVE COMPANY<br><br>ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY<br>WASHINGTON, DC 20036 | **Filed Claim Amount**<br><br><br>**Maximum Allowed Amount** | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 |
| **6675**<br>**Filed On:** | 09-16342<br>3/18/2010 | **Creditor:**<br>UNIVERSAL SERVICE ADMINISTRATIVE COMPANY<br><br>ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY<br>WASHINGTON, DC 20036 | **Filed Claim Amount**<br><br><br>**Maximum Allowed Amount** | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 |
| **6676**<br>**Filed On:** | 09-16343<br>3/18/2010 | **Creditor:**<br>UNIVERSAL SERVICE ADMINISTRATIVE COMPANY<br><br>ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY<br>WASHINGTON, DC 20036 | **Filed Claim Amount**<br><br><br>**Maximum Allowed Amount** | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 |

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---------|--------|------------------------------|---|---------|----------------|----------|-----------|-------|
| **6677** | 09-16344 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6678** | 09-16345 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6679** | 09-16347 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---------|--------|------------------------------|---|---------|----------------|----------|-----------|-------|
| **6680** | 09-16348 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6681** | 09-16349 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6682** | 09-16350 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **6683** | 09-16352 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6684** | 09-16353 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6685** | 09-16357 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**Exhibit A**
**Unliquidated Claims**

In re:FairPoint Communications, Inc., et al.
Case No 09-16335 Jointly Administered

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **6686** | 09-16359 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6687** | 09-16361 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6688** | 09-16363 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **6689** <br><br> **Filed On:** | 09-16364 <br><br> 3/18/2010 | **Creditor:** <br> UNIVERSAL SERVICE ADMINISTRATIVE COMPANY <br><br> ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY <br> WASHINGTON, DC 20036 | **Filed Claim Amount** <br><br><br> **Maximum Allowed Amount** | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 |
| **6692** <br><br> **Filed On:** | 09-16369 <br><br> 3/18/2010 | **Creditor:** <br> UNIVERSAL SERVICE ADMINISTRATIVE COMPANY <br><br> ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY <br> WASHINGTON, DC 20036 | **Filed Claim Amount** <br><br><br> **Maximum Allowed Amount** | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 |
| **6694** <br><br> **Filed On:** | 09-16373 <br><br> 3/18/2010 | **Creditor:** <br> UNIVERSAL SERVICE ADMINISTRATIVE COMPANY <br><br> ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY <br> WASHINGTON, DC 20036 | **Filed Claim Amount** <br><br><br> **Maximum Allowed Amount** | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 |

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **6697** | 09-16376 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6698** | 09-16379 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6699** | 09-16380 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

# Exhibit A
## Unliquidated Claims

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **6700** | 09-16381 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6702** | 09-16384 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY 2000 L STREET NW WASHINTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6703** | 09-16386 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY 2000 L STREET NW WASHINTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **6704** | 09-16388 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY 2000 L STREET NW | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | WASHINTON, DC  20036 | | | | | | |
| **6705** | 09-16389 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY 2000 L STREET NW | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | WASHINTON, DC  20036 | | | | | | |
| **6706** | 09-16391 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY 2000 L STREET NW | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | WASHINTON, DC  20036 | | | | | | |

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **6707** | 09-16392 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6709** | 09-16395 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6710** | 09-16399 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---------|--------|------------------------------|--|---------|----------------|----------|-----------|-------|
| **6712** | 09-16405 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6713** | 09-16406 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6714** | 09-16407 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---------|--------|------------------------------|--|---------|----------------|----------|-----------|-------|
| **6715** | 09-16408 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6717** | 09-16410 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6718** | 09-16411 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINTON, DC 20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Exhibit A
Unliquidated Claims

In re:FairPoint Communications, Inc., et al.
Case No 09-16335 Jointly Administered

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---------|--------|------------------------------|--|---------|----------------|----------|-----------|-------|
| **6719**<br><br>**Filed On:** | 09-16412<br><br>3/18/2010 | **Creditor:**<br>UNIVERSAL SERVICE ADMINISTRATIVE COMPANY<br><br>STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY<br>WASHINTON, DC 20036 | **Filed Claim Amount**<br><br><br>**Maximum Allowed Amount** | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 |
| **6720**<br><br>**Filed On:** | 09-16413<br><br>3/18/2010 | **Creditor:**<br>UNIVERSAL SERVICE ADMINISTRATIVE COMPANY<br><br>STEFANI WATTERSON, ASST GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY<br>WASHINTON, DC 20036 | **Filed Claim Amount**<br><br><br>**Maximum Allowed Amount** | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 |
| **6721**<br><br>**Filed On:** | 09-16415<br><br>3/18/2010 | **Creditor:**<br>UNIVERSAL SERVICE ADMINISTRATIVE COMPANY<br><br>STEFANI WATTERSON, ASST GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE CO<br>WASHINTON, DC 20036 | **Filed Claim Amount**<br><br><br>**Maximum Allowed Amount** | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 | $0.00<br><br><br>$0.00 |

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---------|--------|------------------------------|---|---------|----------------|----------|-----------|-------|
| **6722** | 09-16423 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASST GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE CO | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | WASHINTON, DC 20036 | | | | | | |
| **6723** | 09-16424 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASST GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE CO | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | WASHINTON, DC 20036 | | | | | | |
| | | **Filed Claim Totals** | 44 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | **Maximum Allowed Amount Totals** | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

# **EXHIBIT B**

Contingent Claims

**Exhibit B**
**Contingent Claims**

In re:FairPoint Communications, Inc., et al.
Case No 09-16335 Jointly Administered

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **6672** | 09-16337 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $3,109.00 | $3,109.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $3,109.00 | $3,109.00 |
| **6691** | 09-16368 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $1,614,606.00 | $1,614,606.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $817,878.00 | $817,878.00 |
| **6696** | 09-16375 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $62,109.00 | $62,109.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | ATTN STEFANI WATTERSON ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINGTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $38,109.00 | $38,109.00 |

**Exhibit B**
**Contingent Claims**

In re:FairPoint Communications, Inc., et al.
Case No 09-16335 Jointly Administered

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---------|--------|------------------------------|---|---------|----------------|----------|-----------|-------|
| **6701** | 09-16382 | **Creditor:** UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $181,432.00 | $181,432.00 |
| **Filed On:** | 3/18/2010 | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY 2000 L STREET NW WASHINTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $23,107.00 | $23,107.00 |
| **6708** | 09-16394 | **Creditor:** UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $272,873.00 | $272,873.00 |
| **Filed On:** | 3/18/2010 | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6711** | 09-16404 | **Creditor:** UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $281,873.00 | $281,873.00 |
| **Filed On:** | 3/18/2010 | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**Exhibit B**
**Contingent Claims**

In re:FairPoint Communications, Inc., et al.
Case No 09-16335 Jointly Administered

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---------|--------|------------------------------|--|---------|----------------|----------|-----------|-------|
| **6716** | 09-16409 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $167,240.00 | $167,240.00 |
| **Filed On:** | 3/18/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL UNIVERSAL SERVICE ADMINISTRATIVE COMPANY WASHINTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $103,087.00 | $103,087.00 |
| **7956** | 09-16365 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $135.00 | $135.00 |
| **Filed On:** | 4/28/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL 2000 L STREET NW SUITE 200 WASHINGTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $135.00 | $135.00 |
| **7957** | 09-16371 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $295,849.00 | $295,849.00 |
| **Filed On:** | 4/28/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL 2000 L STREET NW SUITE 200 WASHINGTON, DC  20036 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $95,152.00 | $95,152.00 |

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **7958** | 09-16374 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $177,926.00 | $177,926.00 |
| **Filed On:** | 4/28/2010 | UNIVERSAL SERVICE ADMINISTRATIVE COMPANY | | | | | | |
| | | STEFANI WATTERSON, ASSISTANT GENERAL COUNSEL OFFICE OF THE GENERAL COUNSEL 2000 L STREET NW SUITE 200 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $36,916.00 | $36,916.00 |
| | | WASHINGTON, DC  20036 | | | | | | |

| | | | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|
| **Filed Claim Totals** | 10 | | $0.00 | $0.00 | $0.00 | $3,057,152.00 | $3,057,152.00 |
| **Maximum Allowed Amount Totals** | | | $0.00 | $0.00 | $0.00 | $1,117,493.00 | $1,117,493.00 |

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
               :

**In re:**                      :      **Chapter 11**
               :

**FAIRPOINT COMMUNICATIONS, INC.,** *et al.,*:      **Case No. 09-16335 (BRL)**
               :

        **Debtors.**           :      **(Jointly Administered)**
               :
------------------------------------------------------------x

### ORDER GRANTING FAIRPOINT'S MOTION TO ESTIMATE THE MAXIMUM ALLOWED AMOUNT OF PROOFS OF CLAIM FILED BY UNIVERSAL SERVICE ADMINISTRATIVE COMPANY PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 502(c)

Upon consideration of the Motion to Estimate the Maximum Allowed Amount of Proofs of Claim Filed by Universal Service Administrative Company Pursuant to Bankruptcy Code Sections 105(a) and 502(c) (the "Motion"),[1] of FairPoint Communications, Inc. ("FairPoint Communications") and its affiliated debtors, as debtors in possession (collectively, "FairPoint"), seeking an order estimating the maximum allowable amount of each "Unliquidated Claim" on Exhibit A to the Motion at zero dollars and estimating the maximum allowable amount of each "Contingent Claim" at the amounts set forth on Exhibit B to the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of FairPoint, its estates, creditors and other parties in interest, and that the legal and factual bases set forth in the Motion

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.      The Motion is GRANTED.

2.      Each Claim identified on <u>Exhibit A</u> to the Motion as an "Unliquidated Claim" is hereby estimated pursuant to section 502(c) of the Bankruptcy Code in the maximum allowable amount of zero dollars.

3.      Each Claim identified on <u>Exhibit B</u> to the Motion as a "Contingent Claim" is hereby estimated pursuant to section 502(c) of the Bankruptcy Code in the maximum allowable amount as set forth on <u>Exhibit B</u>.

4.      Nothing in the Motion or this Order constitutes (i) an admission of liability by FairPoint with respect to any Claim, or (ii) a waiver of FairPoint's right to object to any claims whatsoever, including those claims not previously objected to or disallowed, or to assert any further objections, claims, counterclaims, or rights of offset or recoupment against any Claim set forth on <u>Exhibit A</u> or <u>Exhibit B</u> to the Motion, all of which rights are expressly preserved.

5.      FairPoint and its official claims agent are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, including, without limitation, amending the claims register in these chapter 11 cases to reflect the terms of this Order.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2010
             New York, New York

                                            _____
                                            THE HONORABLE BURTON R. LIFLAND
                                            UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                          :
In re:                                    :      **Chapter 11**
                                          :
**FAIRPOINT COMMUNICATIONS, INC.,** *et al.,* :   **Case No. 09-16335 (BRL)**
                                          :
           **Debtors.**                   :      **(Jointly Administered)**
                                          :
-------------------------------------------------------------x

**DECLARATION OF PATRICK MORSE IN SUPPORT OF FAIRPOINT'S MOTION TO**
**ESTIMATE THE MAXIMUM ALLOWED AMOUNT OF PROOFS OF CLAIM FILED**
**BY UNIVERSAL SERVICE ADMINISTRATIVE COMPANY PURSUANT TO**
**BANKRUPTCY CODE SECTIONS 105(a) AND 502(c)**

I, Patrick Morse, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury

that the following is true and correct to the best of my knowledge, information and belief:

1.      I am the Senior Vice President of Government Relations of FairPoint

Communications, Inc. ("FairPoint Communications," and collectively with its affiliated debtors

as debtors in possession, "FairPoint").  I submit this declaration in support of FairPoint's Motion

to Estimate the Maximum Allowed Amount of Proofs of Claim Filed by Universal Service

Administrative Company Pursuant to Bankruptcy Code Section 105(a) and 502(c) (the

"Motion").[1]

2.      I am familiar with the proofs of claim filed by the Universal Service

Administrative Company.

---
[1]     Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
        Motion.

3.     In preparation for filing the Motion, and under my direction and/or supervision, each of the claims at issue in the Motion was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel.

4.     I have also personally reviewed the Motion and exhibits thereto and am familiar with the facts and information contained therein.  To the best of my knowledge, information and belief, the facts and information contained in the Motion and exhibits thereto are true and correct and are hereby incorporated by reference.

5.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: June 15, 2010
       New York, New York


                                        /s/ Patrick Morse
                                        Patrick Morse
                                        Senior Vice President
                                        of Government Relations

| 47 C.F.R. Part 32.5999<br><br>"Instructions for Expense Accounts. General" | (a) Structure of the expense accounts. (1) The expense section of the system of accounts shall be organized by expense group summary account, and subsidiary record category (if required).<br><br>(2) The expense section of this system of accounts shall be comprised of four major expense groups—Plant Specific Operations, Plant Nonspecific Operations, Customer Operations and Corporate Operations. Expenses to be recorded in Plant Specific and Plant Nonspecific Operations Expense Groups generally reflect cost associated with the various kinds of equipment identified in the plant asset accounts. Expenses to be recorded in the Customer Operations and Corporate Operations accounts reflect the costs of, or are associated with, functions performed by people, irrespective of the organization in which any particular function is performed.<br><br>(3) Accounts shall be maintained as prescribed in this section subject to the conditions described in §32.13 in subpart B. Subsidiary record categories may be required below the account level by this system of accounts or by Commission order.<br><br>(b) Plant Specific Operations Expense. (1) The Plant Specific Operations Expense Accounts, 6110 through 6441, are used to record costs related to specific kinds of telecommunications plant.<br><br>(2) The Plant Specific Operations Expense accounts predominantly mirror the telecommunications plant in service detail accounts and are numbered consistently with them; the first digit of the expense account being six (6) and the remaining digits being the same as the last three numbers of the related plant account. In classifying Plant Specific Operations expenses, the text of the corresponding plant account should be consulted to ensure appropriateness.<br><br>(3) The Plant Specific Operations Expense accounts shall include the costs of inspecting, testing (except as specified in Account 6533, Testing Expense) and reporting on the condition of telecommunications plant to determine the need for repairs, replacements, rearrangements and changes; performing routine work to prevent trouble (except as specified in Account 6533), replacing items of plant other than retirement units; rearranging and changing the location of plant not retired; repairing material for reuse; restoring the condition of plant damaged by storms, floods, fire or other casualties (other than the cost of replacing retirement units); inspecting after repairs have been made; and receiving training to perform these kinds of work. Also included are the costs of direct supervision (immediate of first-level) and office support of this work.<br><br>(4) In addition to the activities specified in paragraph (b)(3) of this section, the appropriate Plant Specific Operations Expense accounts shall include the cost of personnel whose principal job is the operation of plant equipment, such as general purpose computer operators, aircraft pilots, chauffeurs and shuttle bus drivers. However, when the operation of equipment is performed (such as the use of office equipment, capital tools or motor vehicles), the operators' cost shall be charged to accounts appropriate for those functions. (For costs of operator services personnel, see Accounts 6621, Call completion services, and 6622, Number services, and for costs of test board personnel see Account 6533.) |

| 47 C.F.R. Part 36.182<br><br>"Cash working capital." | (a) The amount for cash working capital, if not determined directly for a particular operation, is apportioned among the operations on the basis of total expenses less non-cash expense items. |
|---|---|
| 47 C.F.R. Part 54.202(e)<br><br>"Additional requirements for Commission designation of eligible telecommunications carriers" | (e) All eligible telecommunications carriers shall retain all records required to demonstrate to auditors that the support received was consistent with the universal service high-cost program rules. These records should include the following: data supporting line count filings; historical customer records; fixed asset property accounting records; general ledgers; invoice copies for the purchase and maintenance of equipment; maintenance contracts for the upgrade or equipment; and any other relevant documentation. This documentation must be maintained for at least five years from the receipt of funding. |
| 47 C.F.R. Part 65.820(d)<br><br>"Rate Base – Included Items" | (d) Cash working capital. The average amount of investor-supplied capital needed to provide funds for a carrier's day-to-day interstate operations. Class A carriers may calculate a cash working capital allowance either by performing a lead-lag study of interstate revenue and expense items or by using the formula set forth in paragraph (e) of this section. Class B carriers, in lieu of performing a lead-lag study or using the formula in paragraph (e) of this section, may calculate the cash working capital allowance using a standard allowance which will be established annually by the Chief, Wireline Competition Bureau. When either the lead-lag study or formula method is used to calculate cash working capital, the amount calculated under the study or formula may be increased by minimum bank balances and working cash advances to determine the cash working capital allowance. Once a carrier has selected a method of determining its cash working capital allowance, it shall not change to an optional method from one year to the next without Commission approval. |

| FCC Order 07-150, 8/29/07 at pg. 14 | We will require recipients of universal service support for high-cost providers to retain all records that they may require to demonstrate to auditors that the support they received was consistent with the Act and the Commission's rules, assuming that the audits are conducted within five years of disbursement of such support. These records should include without limitation the following: data supporting line count filings; historical customer records; fixed asset property accounting records; general ledgers; invoice copies for the purchase and maintenance of equipment; maintenance contracts for the upgrade or equipment; and any other relevant documentation. |
| --- | --- |

# **Addendum Exhibit 1**

**KPMG Management Letter**



**KPMG LLP**
345 Park Avenue
New York, NY 10154

August 5, 2009

Northland Telephone Company
908 W. Frontview
P. O. Box 199
Dodge City, KS 67801-0199

Ladies and Gentlemen:

We have examined management's assertions about Northland Telephone Company's, Study Area Code No. 103313 ("the Beneficiary"), compliance with the applicable requirements of 47 C.F.R. Part 54, Subparts C, D, and K, Part 36, Subpart F, and Part 32, Subpart B, of the Federal Communications Commission's ("FCC") Rules as well as FCC Orders governing Universal Service Support for the High Cost Program ("HCP") relative to disbursements made from the Universal Service Fund during the twelve-month period ended June 30, 2008 and have issued our report thereon dated August 5, 2009. In planning and performing our examination, we considered the Beneficiary's internal control over compliance as a basis for designing our examination procedures for the purpose of expressing our opinion on management's assertions about the Beneficiary's compliance. We performed our examination to express an opinion on whether the Beneficiary complied with the aforementioned requirements and not for the purpose of expressing an opinion on the internal control over compliance; accordingly, we express no such opinion.

In addition, in accordance with *Government Auditing Standards*, we are required to report significant deficiencies and material weaknesses in internal control over compliance, violations of provisions of contracts or grant agreements, and abuse that could have a material effect on the Beneficiary's compliance and any fraud or illegal acts that are more than inconsequential that came to our attention, if any, during the examination. Any such matters that came to our attention during the examination are included in our report dated August 5, 2009.

During our examination we noted immaterial noncompliance and certain internal control deficiencies that were not in our report dated August 5, 2009 and are presented for your consideration. These comments and recommendations, all of which have been discussed with the appropriate members of management, are intended to improve internal control over compliance or result in improved compliance with the aforementioned requirements and are summarized, along with the views of management, in Attachment 1 of this letter. We did not examine the views of management, and accordingly, we express no opinion on it.



KPMG LLP, a U.S. limited liability partnership, is the U.S.
member firm of KPMG International, a Swiss cooperative.



Our examination procedures are designed primarily to enable us to form an opinion on management's assertions about the Beneficiary's compliance with the aforementioned requirements, and therefore may not bring to light all weaknesses in policies or procedures that may exist. We aim, however, to use our knowledge of your organization gained during our work to make comments and suggestions that we hope will be useful to you.

We would be pleased to discuss these comments and recommendations with you at any time.

This report is intended solely for the information and use of Northland Telephone Company's management and others within the organization, the Universal Service Administrative Company ("USAC") and the FCC, and is not intended to be and should not be used by anyone other than these specified parties.

Very truly yours,

KPMG LLP

cc:    USAC
       FCC