Luc A. Despins, Esq.
James T. Grogan, Esq.
PAUL HASTINGS JANOFSKY & WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re:**                                     :     **Chapter 11**
                                                            :
**FAIRPOINT COMMUNICATIONS, INC.,** *et al.*,:   **Case No. 09-16335 (BRL)**
                                                            :
           **Debtors.**                        :     **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

### NOTICE OF HEARING ON FAIRPOINT'S SECOND OMNIBUS MOTION TO ESTIMATE THE MAXIMUM ALLOWED AMOUNT OF PROOFS OF CLAIM PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 502(c)

**TO THE CLAIMANTS IDENTIFIED ON THE ATTACHED <u>EXHIBIT A</u>:**

      **PLEASE TAKE NOTICE** that FairPoint Communications, Inc. ("<u>FairPoint Communications</u>") and its affiliated debtors, as debtors in possession (collectively, "<u>FairPoint</u>"), have filed the attached Second Omnibus Motion to Estimate the Maximum Allowed Amount of Proofs of Claim Pursuant to Bankruptcy Code Sections 105(a) and 502(c), dated June 15, 2010 (the "<u>Motion</u>").

      **PLEASE TAKE FURTHER NOTICE** that this Motion is seeking to estimate the maximum allowed amount of certain proofs of claim. **CLAIMANTS RECEIVING THE MOTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> OF THE MOTION.** IF YOU AGREE WITH THE ESTIMATION OF YOUR CLAIM, YOU DO NOT NEED TO TAKE ANY ACTION OR OTHERWISE RESPOND TO THIS MOTION.

      **PLEASE TAKE FURTHER NOTICE** that on July 15, 2010, at 10:00 a.m. (Eastern Time), a hearing on the Motion will be held before the Honorable Burton R. Lifland, United States Bankruptcy Judge for the Southern District of New York, at the United States

Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Customs House, One Bowling Green, New York, New York, 10004-1408, to consider the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the Motion, you or your attorney must file a written response to the Motion with the Bankruptcy Court (i) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (ii) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and a copy of any such response must be served in accordance with General Order M-242 on (a) Paul, Hastings, Janofsky & Walker LLP, attorneys for FairPoint, 75 East 55th Street, New York, NY 10022, Attn: Luc A. Despins, Esq. and James T. Grogan, Esq.; (b) FairPoint, c/o FairPoint Communications, Inc., 521 East Morehead Street, Suite 500, Charlotte, NC 28202, Attn: Susan L. Sowell, Esq.; (c) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, NY 10004, Attn: Andrew D. Velez-Rivera, Esq.; (d) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099, Attn: Margot B. Schonholtz, Esq., attorneys to Bank of America, N.A. as administrative agent for FairPoint's prepetition secured lenders; (e) Andrews Kurth LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Paul N. Silverstein, Esq. and Jonathan I. Levine, Esq., attorneys to the official committee of unsecured creditors; (f) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn: Kristopher M. Hansen, Esq., attorneys to the ad hoc committee of FairPoint's senior noteholders; and (g) Cohen, Weiss and Simon LLP, 330 West 42nd Street, 25th Floor, New York, NY 10036-6976, Attn: David R. Hock; so as to be received no later than July 8, 2010 at 4:00 p.m. (Eastern Time) (the "Objection Deadline"). Objections, if any, must conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and set forth:

a.    a case caption that includes the name of the Bankruptcy Court and the case number;

b.    a reference to the title of the Motion to which the response is directed;

c.    the name and contact information of the responding party;

d.    the claimant and claim number(s) at issue; and

e.    the basis for the response and the specific grounds therefore.

**PLEASE TAKE FURTHER NOTICE** that, with respect to any proof of claim identified in the Motion for which no corresponding response has been properly filed and served by the Objection Deadline, the Bankruptcy Court may enter an order granting the relief requested in the Motion, with no further notice or opportunity to be heard offered to any party.

**PLEASE TAKE FURTHER NOTICE** that nothing in this Notice, the Motion or the Exhibits to the Motion constitutes a waiver of FairPoint's right to assert any claims,

2

counterclaims, rights of offset, recoupment or any other claims against you.  FairPoint also reserves the right to assert additional objections to your proof(s) of claim.

Dated:  June 15, 2010
      New York, New York

/s/ James T. Grogan
Luc A. Despins, Esq.
James T. Grogan, Esq.
PAUL HASTINGS JANOFSKY &
WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

*Counsel to the Debtors*
*and Debtors in Possession*

Luc A. Despins, Esq.
James T. Grogan, Esq.
PAUL HASTINGS JANOFSKY & WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
                              :
**In re:**                                 :   **Chapter 11**
                              :
**FAIRPOINT COMMUNICATIONS, INC.,** *et al.*,:   **Case No. 09-16335 (BRL)**
                              :
         **Debtors.**                :   **(Jointly Administered)**
                              :
---------------------------------------------------------------X

**FAIRPOINT'S SECOND OMNIBUS MOTION TO ESTIMATE THE MAXIMUM**
**ALLOWED AMOUNT OF PROOFS OF CLAIM**
**PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 502(c)**

TO THE HONORABLE BURTON R. LIFLAND:

      FairPoint Communications, Inc. ("FairPoint Communications") and its affiliated debtors, as debtors in possession (collectively, "FairPoint"), respectfully represent:

**JURISDICTION**

    1.    The Court has jurisdiction over this matter under 28 U.S.C. § 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

    2.    The statutory and rule-based predicates for the relief sought herein are sections 105(a) and 502(c) of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

3. On October 26, 2009 (the "Petition Date"), FairPoint commenced voluntary cases in this Court under the Bankruptcy Code. FairPoint is authorized to continue to operate its business and manage its properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. FairPoint's chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b). On November 10, 2009, the Office of the United States Trustee appointed an official committee of unsecured creditors in these chapter 11 cases.

5. On January 29, 2010, each of the debtors in FairPoint's chapter 11 cases filed a Statement of Financial Affairs and a Schedule of Assets and Liabilities (collectively, the "Schedules").

6. On February 4, 2010, the Court entered the Order Establishing Deadline and Procedures for Filing Proofs of Claim and Approving Manner of Notice Thereof [Docket No. 568], which established March 18, 2010 at 5:00 p.m. as the last date and time by which proofs of claim must be received by the official claims agent in FairPoint's chapter 11 cases. Approximately 8,050 proofs of claim (the "Proofs of Claim") have been filed in these cases to date.

7. FairPoint is conducting a comprehensive review and reconciliation of all prepetition claims, including both the amounts set forth on the Schedules and the claims asserted in the Proofs of Claim. This process includes identifying particular categories of claims that may be targeted for estimation, disallowance and expungement, reduction and allowance, or reclassification.

8.	On May 7, 2010, FairPoint filed the Debtors' Modified Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated as of March 10, 2010 [Docket No. 1312] (as may be subsequently modified or amended, the "Plan"). On May 14, 2010, this Court entered its Order Under Bankruptcy Code Sections 105(a) and 1129 and Bankruptcy Rules 3019(a) and 9014 Regarding Plan Confirmation Process [Docket No. 1373], pursuant to which the Plan, along with certain modifications thereto, were deemed accepted by all creditors who had previously accepted the Plan, and the record of the first phase of the hearing to consider confirmation of the Plan was closed.

9.	Pursuant to Section 9.22 of the Plan, FairPoint is required to reserve for the benefit of holders of Disputed Claims:[1]

> . . . an amount of New Common Stock, New Warrants and/or Cash, as the case may be, equal to the Distributions that would have been made to the holder of such Disputed Claim if it were an Allowed Claim in an amount equal to the lesser of (i) the amount of the Disputed Claim, (ii) the amount in which the Disputed Claim shall be estimated by the Bankruptcy Court pursuant to section 502 of the Bankruptcy Code for purposes of allowance, which amount, unless otherwise ordered by the Bankruptcy Court, shall constitute and represent the maximum amount in which such Claim ultimately may become an Allowed Claim, or (iii) such other amount as may be agreed upon by the holder of such Disputed Claim and Reorganized FairPoint.

Plan, Section 9.22.

10.	On May 4, 2010, the Court entered the Order Pursuant to Bankruptcy Code sections 105(a) and 502 and Bankruptcy Rules 3007 and 9019(b) Authorizing Omnibus Claim Objections and Establishing Settlement Procedures [Docket No. 1256] (the "Claims Procedures Order"). Pursuant to the Claims Procedures Order, FairPoint is authorized to file omnibus

---

[1]	Capitalized terms in this paragraph not otherwise defined herein shall have the meanings ascribed to them in the Plan.

motions for the estimation of Proofs of Claim pursuant to section 502(c) of the Bankruptcy Code. This is one such motion.

## RELIEF REQUESTED

11.     By this Motion, FairPoint respectfully requests that this Court enter an order, pursuant to Bankruptcy Code sections 105(a) and 502(c), estimating the maximum allowable amount for the claims (the "Litigation Claims") listed on Exhibit A hereto.

## Estimation of Unliquidated and Contingent Claims

12.     Section 502(c) of the Bankruptcy Code requires a bankruptcy court to estimate contingent or unliquidated claims when failing to do so would unduly delay administration of a debtor's case.  *See In re Chateaugay Corp.*, 10 F.3d 944, 957 (2d Cir. 1993); *Bittner v. Borne Chem. Co.*, 691 F.2d 134, 135-137 (3d Cir. 1982).  Whether a bankruptcy court should estimate a claim is not discretionary but, rather, "section 502(c) of the Bankruptcy Code *requires* the court to estimate contingent and unliquiated claims to prevent undue delay in the administration of the case."  *In re Frontier Airlines, Inc.*, 137 B.R. 811, 814 (D. Colo. 1992) (emphasis in the original).

13.     Courts addressing claims estimation pursuant to section 502(c) of the Bankruptcy Code have held that bankruptcy courts are not limited, other than by general principles of equity, in their authority to evaluate and estimate claims.  *See In re Thomson McKinnon Securities, Inc.*, 191 B.R. 976, 979 (Bankr. S.D.N.Y. 1996).  Thus, the estimation of a claim represents the court's best estimate of its allowed amount for the purpose of permitting the administration of the case to go forward and not cause undue delay.  *See, e.g., Chateaugay*, 10 F.3d at 957. Importantly, the estimation of a claim, "conclusively sets the outer limits of a claimant's right to recover" from a debtor.  *See In re Baldwin-United Corp.*, 55 B.R. 885, 898 (Bankr. S.D. Ohio 1985).

14.     The Litigation Claims to be estimated consist exclusively of contingent and/or unliquidated claims.  Section 9.22 of the Plan expressly contemplates the estimation of these Litigation Claims so that appropriate reserves can be established on the Effective Date.  Unless the Litigation Claims are estimated as requested herein, FairPoint will be unable to determine the amount of such reserves by the Effective Date, as required by section 9.22 of the Plan.  In addition, there is insufficient time to fix or liquidate the Litigation Claims prior to the anticipated Effective Date, and FairPoint would incur significant litigation costs if it attempted to do so.  FairPoint's management and professionals also would be compelled to spend considerable time and resources on the Litigation Claims during a critical period in these chapter 11 cases, which would distract them from successfully completing the reorganization of FairPoint's business in a timely manner.  Ultimately, any attempt to fix or liquidate the Litigation Claims prior to the anticipated Effective Date will delay the administration of these chapter 11 cases.  Thus, the Litigation Claims must be estimated.

15.     A summary of, and the basis for estimating, each Litigation Claim is set forth below.

**a.      Alan C. Page**

16.     Alan C. Page ("Page") (Claim No. 6389) filed suit against FairPoint based on the alleged damages arising from the disruption of Internet services provided by FairPoint.  FairPoint believes that Page's claim should be estimated at $0 because the terms of service for residential consumer Internet users does not guarantee uninterrupted Internet service and does not allow for damages in the event that service is interrupted.

### b. Nicole Arey

17.     Nicole Arey ("<u>Arey</u>") (Claim No. 7043) filed a claim against FairPoint alleging personal injury.  FairPoint believes Arey's claim should be estimated at $0 because Arey has not provided any support for her claim and there is no basis for its validity.

### c. Kenneth and Gayle Buck

18.     Kenneth and Gayle Buck ("<u>Buck</u>") (Claim Nos. 6536, 6542, 7916, 7917, 7918, 7919, 7920, 7921 and 7922) assert damages relating to the installation of a telephone pole on their property.  FairPoint believes the Buck's claim should be estimated at $0 because FairPoint has remediated any harm caused by the telephone pole at the Buck's property by, among other things, remediating the real property and installing a new well and water filtration system for the Bucks.

### d. Cathleen Adams

19.     Cathleen Adams ("<u>Adams</u>") (Claim No. 5925), a former employee of Verizon New England Inc., alleges that she has a legal disability.  Adams alleges that Verizon New England Inc. wrongfully terminated Adams's employment on January 3, 2008 because of her alleged disability.  At the time of her termination, Adams was not employed by FairPoint and her employment was terminated prior to FairPoint's acquisition of certain wireline telephone operations from Verizon New England Inc.  Accordingly, Adams has no employment discrimination related claim against FairPoint.  Moreover, on information and belief, Adams was not disabled at the time of the alleged harms.  In addition, the International Brotherhood of Electrical Workers previously commenced an arbitration action against FairPoint pursuant to the collective bargaining agreement that was adopted by FairPoint, through which Adams was

awarded back pay and her job was reinstated. For all of these reasons, Adams's claim should be estimated at $0.

### e. Charles Pizer

20.     Charles Pizer ("Pizer") (Claim No. 3814) filed complaints with the Equal Employment Opportunity Commission and the Civil Rights Unit of the Vermont Attorney General's Office (the "Civil Rights Unit") alleging that FairPoint is liable for age discrimination against him. After a review of the evidence submitted by Pizer and FairPoint, the Civil Rights Unit determined that it was unlikely that further investigation would result in an enforcement action by the Civil Rights Unit. Although this determination was not binding on Pizer, Pizer's claim should be estimated at $0 because FairPoint has not discriminated against him on the basis of his age. Pizer was terminated because he could not successfully complete the required training necessary to perform the job or perform the tasks assigned to him. Moreover, FairPoint's hiring data establishes that FairPoint has hired numerous employees older than Pizer to perform the tasks that Pizer was asked to perform.

### f. Erlene R. LeBorgne

21.     Erlene R. LeBorgne ("LeBorgne") (Claim No. 5555) is the debtor in a chapter 7 case she filed in the District of Maine. LeBorgne sued FairPoint alleging that FairPoint violated her discharge under section 524 of the Bankruptcy Code when it sent LeBorgne a bill for services. A damage award for a stay violation cannot be based on "mere speculation, guess, or conjecture." *Archer v. Macomb County Bank (In re Archer)*, 853 F.2d 497, 499 (6th Cir. 1988) (quoting *John E. Green Plumbing & Hearing Co v. Turner Construction Co.*, 742 F.2d 965, 968 (6th Cir. 1984)). Rather, a debtor must show an actual injury. *See id.* at 500. LeBorgne's claim should be estimated at $0 because FairPoint's alleged violation did not cause any damages.

### g. Isidoro M. Flores

22.     Isidoro M. Flores ("Flores") (Claim No. 306) alleges that FairPoint wrongfully terminated his employment on the basis of his age.  Flores's claim should be estimated at $0 because Mr. Flores was not terminated on the basis of his age.  Rather, his position was eliminated during a reduction in force that was implemented during an internal restructuring of FairPoint's business operations.  Following the reduction in force Mr. Flores's duties were assumed by a person who was one year older than Mr. Flores.

### h. Karen Ann Pulkkinen

23.     Karen Ann Pulkkinen ("Pulkkinen") (Claim No. 1931) commenced a civil action against FairPoint asserting various claims related to harassment and discriminatory termination.  FairPoint believes that Pulkinnen's claim should be estimated at $0 because Pulkkinen was terminated by her former employer, Verizon New England, Inc., and not by FairPoint.  At no time was Pulkkinen an employee of FairPoint.  Further, the arbitration action brought on Pulkinnen's behalf by the International Brotherhood of Electrical Workers was denied.

### i. Michael Poto

24.     Michael Poto ("Poto") (Claim No. 5697) alleges that FairPoint wrongfully discriminated against him based upon a disability when FairPoint assigned Poto to an administrative position.  Poto's claim should be estimated at $0 because FairPoint assigned Poto to an administrative position for legitimate business reasons and did not discriminate against him.

### j. Southwestern Bell Telephone Company

25.     Southwestern Bell Telephone Company ("Southwestern") (Claim No. 5915) sued FairPoint based on alleged damages to Southwestern's property during installation of

communications equipment by FairPoint. FairPoint believes Southwestern's claim should be estimated at $0 because the damage was caused by an independent contractor that was installing equipment that belongs to, and was for the benefit of, Unite Private Networks, LLC ("Unite Private"). At the time of the incident, Unite Private was an affiliate of ExOp Missouri, Inc. ("ExOp"), and ExOp was not then affiliated with FairPoint. Unite Private is not, and has never been, affiliated with FairPoint.

**k.    Wendy Kile**

26.    Wendy Kile ("Kile") (Claim No. 5383) alleges that she was wrongfully terminated based upon religious discrimination. Kile's claim should be estimated at $0 because Kile was terminated for improper use of FairPoint's email system and other improper conduct, not because of her religious beliefs.

**l.    R. Craig and Ann T. Williams**

27.    R. Craig and Ann T. Williams (the "Williams") (Claim No. 6486) claim that FairPoint allegedly damaged trees on their property. The Williams' claim should be estimated at $0 because the trees that were allegedly damaged were overhanging the public right of way and FairPoint's pole line.

**m.    Kenneth J. Daly**

28.    Kenneth J. Daly ("Daly") (Claim No. 6494) asserts claims against FairPoint based on trespass and wrongful cutting of trees on his property. Daly's claim should be estimated at $0 because the trees that were allegedly damaged were not damaged by FairPoint or a contractor employed by FairPoint.

**n.    MMG Insurance as Subrogee to Robert and Shannon Bickler**

29.    MMG Insurance as Subrogee to Robert and Shannon Bickler (respectively, "MMG Insurance," and the "Bicklers") (Claim No. 1636) asserts a claim against FairPoint based

on damage to the Bicklers' vehicle due to downed utility wires and poles. MMG Insurance's claim should be estimated at $0 because FairPoint was not at fault for the damage to the vehicle.

30.     For all of the foregoing reasons, FairPoint requests that this Court enter an order estimating the maximum liability on account of each Litigation Claim at the amounts set forth in Exhibit A.

### RESERVATION OF RIGHTS

31.     Nothing herein shall constitute an admission of liability by FairPoint with respect to any Proof of Claim. FairPoint reserves its rights to object to any Proof of Claim at a later date on any grounds whatsoever to the extent that such claim is not expunged or disallowed.

### NOTICE

32.     No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided pursuant to this Court's Order, dated November 18, 2009, establishing notice procedures in these chapter 11 cases [Docket No. 162], and has been served via first class U.S. mail upon the notice parties designated on the Proofs of Claim set forth on Exhibit A hereto. In light of the nature of the relief requested herein, FairPoint submits that no other or further notice need be provided.

33.     No previous request for the relief sought herein has been made by FairPoint to this or any other court.

*[Remainder of page left blank by intention]*

**WHEREFORE**, FairPoint respectfully requests that the Court (i) estimate the maximum allowable amount of each claim set forth on <u>Exhibit A</u> at the amount reflected therein and (ii) grant such other and further relief to FairPoint as is warranted and just.

Dated: June 15, 2010
      New York, New York

                          <u>/s/ James T. Grogan</u>
                          Luc A. Despins, Esq.
                          James T. Grogan, Esq.
                          PAUL HASTINGS JANOFSKY &
                          WALKER LLP
                          Park Avenue Tower
                          75 E. 55th Street, First Floor
                          New York, NY 10022
                          Telephone: (212) 318-6000
                          Facsimile: (212) 319-4090

                          *Counsel to the Debtors*
                          *and Debtors in Possession*

# **EXHIBIT A**

Litigation Claims

# Exhibit A
## 2nd Omnibus Motion for Estimation

In re:FairPoint Communications, Inc., et al.
Case No 09-16335 Jointly Administered

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **6389** | 09-16335 | **Creditor:** ALAN C PAGE | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $2,900.00 | $2,900.00 |
| **Filed On:** | 3/18/2010 | | | | | | | |
| | | 3 HASTINGS DRIVE HINSDALE, NH 03451 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **7043** | 09-16335 | **Creditor:** AREY, NICOLE | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $100,000.00 | $100,000.00 |
| **Filed On:** | 3/19/2010 | | | | | | | |
| | | 6 MT PLEASANT STREET BIDDEFORD, ME 04005 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6536** | 09-16335 | **Creditor:** BUCK, GAYLE & KENNETH | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $1,083,300.00 | $1,083,300.00 |
| **Filed On:** | 3/18/2010 | | | | | | | |
| | | 4634 WALKER MOUNTAIN RD CLARENDON, VT 05759 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6542** | 09-16410 | **Creditor:** BUCK, GAYLE & KENNETH | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $1,083,300.00 | $1,083,300.00 |
| **Filed On:** | 3/18/2010 | | | | | | | |
| | | 4634 WALKER MOUNTAIN RD CLARENDON, VT 05759 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **7916** | 09-16335 | **Creditor:** BUCK, GAYLE & KENNETH | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $1,083,300.00 | $1,083,300.00 |
| **Filed On:** | 4/21/2010 | | | | | | | |
| | | 4634 WALKER MOUNTAIN ROAD CLARENDON, VT 05759 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

# Exhibit A
## 2nd Omnibus Motion for Estimation

In re:FairPoint Communications, Inc., et al.
Case No 09-16335 Jointly Administered

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **7917** Filed On: | 09-16349 4/21/2010 | **Creditor:** BUCK, GAYLE & KENNETH 4634 WALKER MOUNTAIN ROAD CLARENDON, VT 05759 | **Filed Claim Amount** **Maximum Allowed Amount** | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $1,083,300.00 $0.00 | $1,083,300.00 $0.00 |
| **7918** Filed On: | 09-16352 4/21/2010 | **Creditor:** BUCK, GAYLE & KENNETH 4634 WALKER MOUNTAIN ROAD CLARENDON, VT 05759 | **Filed Claim Amount** **Maximum Allowed Amount** | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $1,083,300.00 $0.00 | $1,083,300.00 $0.00 |
| **7919** Filed On: | 09-16356 4/21/2010 | **Creditor:** BUCK, GAYLE & KENNETH 4634 WALKER MOUNTAIN ROAD CLARENDON, VT 05759 | **Filed Claim Amount** **Maximum Allowed Amount** | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $1,083,300.00 $0.00 | $1,083,300.00 $0.00 |
| **7920** Filed On: | 09-16357 4/21/2010 | **Creditor:** BUCK, GAYLE & KENNETH 4634 WALKER MOUNTAIN ROAD CLARENDON, VT 05759 | **Filed Claim Amount** **Maximum Allowed Amount** | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $1,083,300.00 $0.00 | $1,083,300.00 $0.00 |
| **7921** Filed On: | 09-16365 4/21/2010 | **Creditor:** BUCK, GAYLE & KENNETH 4634 WALKER MOUNTAIN ROAD CLARENDON, VT 05759 | **Filed Claim Amount** **Maximum Allowed Amount** | $0.00 $0.00 | $0.00 $0.00 | $0.00 $0.00 | $1,083,300.00 $0.00 | $1,083,300.00 $0.00 |

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **7922** <br> **Filed On:** | 09-16410 <br> 4/21/2010 | **Creditor:** <br> BUCK, GAYLE & KENNETH <br><br> 4634 WALKER MOUNTAIN ROAD <br> CLARENDON, VT 05759 | **Filed Claim Amount** <br><br><br> **Maximum Allowed Amount** | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $1,083,300.00 <br><br><br> $0.00 | $1,083,300.00 <br><br><br> $0.00 |
| **5925** <br> **Filed On:** | 09-16365 <br> 3/17/2010 | **Creditor:** <br> CATHLEEN ADAMS <br><br> CHAD HANSEN, PETER THOMPSON & <br> ASSOC 92 EXCHANGE STREET <br> PORTLAND, ME 04101 | **Filed Claim Amount** <br><br><br> **Maximum Allowed Amount** | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $643,055.12 <br><br><br> $0.00 | $643,055.12 <br><br><br> $0.00 |
| **3814** <br> **Filed On:** | 09-16335 <br> 3/8/2010 | **Creditor:** <br> CHARLES PIZER <br><br> 8 PINNACLE DRIVE <br> SOUTH BURLINGTON, VT 05403 | **Filed Claim Amount** <br><br><br> **Maximum Allowed Amount** | $150,000.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $150,000.00 <br><br><br> $0.00 |
| **6494** <br> **Filed On:** | 09-16335 <br> 3/18/2010 | **Creditor:** <br> DALY, KENNETH <br><br> C/O CHARLES D HICKEY, ESQ PO BOX 127 <br> ST JOHNSBURY, VT 05819 | **Filed Claim Amount** <br><br><br> **Maximum Allowed Amount** | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $0.00 <br><br><br> $0.00 | $46,628.00 <br><br><br> $0.00 | $46,628.00 <br><br><br> $0.00 |

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **5555** | 09-16335 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 |
| **Filed On:** | 3/16/2010 | ERLENE R LEBORGNE FDBA ROSEMONT FLORAL | | | | | | |
| | | C/O MOLLEUR LAW OFFICE 419 ALFRED STREET BIDDEFORD, ME 04005-3747 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **306** | 09-16335 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $1,000,000.00 | $1,000,000.00 |
| **Filed On:** | 12/4/2009 | FLORES, ISIDORO M | | | | | | |
| | | C/O DONNA-MARIE COTE ESQ WIGGIN & NOURIE PO BOX 808 MANCHESTER, NH 03105-0808 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **1931** | 09-16335 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $80,000.00 | $0.00 | $80,000.00 |
| **Filed On:** | 2/26/2010 | KAREN ANN PULKKINEN | | | | | | |
| | | 1635 MAIN STREET LEWISTON, ME 04240 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **1636** | 09-16335 | **Creditor:** | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $13,813.50 | $13,813.50 |
| **Filed On:** | 2/25/2010 | MMG INSURANCE AS SUBROGEE TO ROBERT AND | | | | | | |
| | | SHANNON BICKLER PO BOX 1029 PRESQUE ISLE, ME 04769-1029 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

# Exhibit A
## 2nd Omnibus Motion for Estimation

In re:FairPoint Communications, Inc., et al.
Case No 09-16335 Jointly Administered

| Claim # | Debtor | Name and Address of Claimant | | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| **5697** | 09-16365 | **Creditor:** POTO, MICHAEL A | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $75,000.00 | $75,000.00 |
| **Filed On:** | 3/17/2010 | 77 SEDGLEY RD GREENE, ME 04236 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **5915** | 09-16350 | **Creditor:** SOUTHWESTERN BELL TELEPHONE COMPANY | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $114,761.80 | $114,761.80 |
| **Filed On:** | 3/17/2010 | JAMES GRUDUS ESQ AT&T SERVICES INC ONE AT&T WAY BEDMINSTER, NJ 07921 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **5383** | 09-16335 | **Creditor:** WENDY KILE | **Filed Claim Amount** | $0.00 | $0.00 | $0.00 | $30,000.00 | $30,000.00 |
| **Filed On:** | 3/15/2010 | 11 KIESOW LANE CHINA, ME 04385 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **6486** | 09-16335 | **Creditor:** WILLIAMS, R CRAIG & ANN | **Filed Claim Amount** | $0.00 | $0.00 | $93,532.00 | $0.00 | $93,532.00 |
| **Filed On:** | 3/18/2010 | 154 MIDDLE RO DOVER, NH 03820-5001 | **Maximum Allowed Amount** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | **Filed Claim Totals** | 22 | $150,000.00 | $0.00 | $173,532.00 | $11,785,858.42 | $12,109,390.42 |
| | | **Maximum Allowed Amount Totals** | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                            :
In re:                                                      :     **Chapter 11**
                                                            :
**FAIRPOINT COMMUNICATIONS, INC.,** *et al.***,**:    **Case No. 09-16335 (BRL)**
                                                            :
        **Debtors.**                                        :     **(Jointly Administered)**
                                                            :
------------------------------------------------------------------x

### ORDER GRANTING FAIRPOINT'S SECOND OMNIBUS MOTION TO ESTIMATE THE MAXIMUM ALLOWED AMOUNT OF PROOFS OF CLAIM <u>PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 502(c)</u>

Upon consideration of the Second Omnibus Motion to Estimate the Maximum Allowed Amount of Proofs of Claim Pursuant to Bankruptcy Code Sections 105(a) and 502(c), dated June 15, 2010 (the "<u>Motion</u>"),[1] of FairPoint Communications, Inc. ("<u>FairPoint Communications</u>") and its affiliated debtors, as debtors in possession (collectively, "<u>FairPoint</u>"), seeking an order estimating the maximum allowable amount for the Litigation Claims listed on <u>Exhibit A</u> annexed to the Motion, as set forth therein; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of FairPoint, its estates, creditors and other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

---
[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1.      The Motion is GRANTED.

2.      FairPoint's maximum liability on account of each Litigation Claim is limited to the amount set forth in Exhibit A to the Motion.

3.      Nothing in the Motion or this Order constitutes (i) an admission of liability by FairPoint with respect to any Litigation Claim, or (ii) a waiver of FairPoint's right to object to any claim whatsoever, including those claims not previously objected to or disallowed, or to assert any further objections, claims, counterclaims, or rights of offset or recoupment against any Litigation Claim set forth on Exhibit A to the Motion, all of which rights are expressly preserved.

4.      FairPoint and its official claims agent are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, including, without limitation, amending the claims register in these chapter 11 cases to reflect the terms of this Order.

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2010
        New York, New York

                                _____
                                THE HONORABLE BURTON R. LIFLAND
                                UNITED STATES BANKRUPTCY JUDGE