1
2  UNITED STATES BANKRUPTCY COURT
3  SOUTHERN DISTRICT OF NEW YORK
4  Case No. 09-16335-BRL
5  - - - - - - - - - - - - - - - - - - - - - -x
6  In the Matter of:
7
8  FAIRPOINT COMMUNICATIONS, INC., et al.,
9
10         Debtors.
11
12 - - - - - - - - - - - - - - - - - - - - - -x
13
14            United States Bankruptcy Court
15            One Bowling Green
16            New York, New York
17
18            October 25, 2010
19            10:30 AM
20
21 B E F O R E:
22 HON. BURTON R. LIFLAND
23 U.S. BANKRUPTCY JUDGE
24
25

```
 2   HEARING re FairPoint's Sixty-Seventh Omnibus Objection to
 3   Claims (No Basis in Books and Records).

 5   HEARING re FairPoint's Motion to Estimate the Maximum Allowed
 6   Amount of Proofs of Claim
```

25   Transcribed by:  Karen Schiffmiller

```
 1
 2  A P P E A R A N C E S :
 3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
 4       Attorneys for Debtor
 5       75 East 55th Street
 6       First Floor
 7       New York, NY 10022
 8
 9  BY:   JAMES T. GROGRAN III, ESQ.
10
11
12  PAUL, HASTINGS, JANOFSKY & WALKER LLP
13       Attorneys for Debtor
14       875 15th Street, NW
15       Washington, DC 20005
16
17  BY:   ROBERT E. WINTER, ESQ.
18
19
20  ANDREWS KURTH LLP
21       Attorneys for the Creditors' Committee
22       450 Lexington Avenue
23       New York, NY 10017
24
25  BY:   ABHISHEK MATHUR, ESQ.
```

VEDDER PRICE P.C.

    Attorneys for Universal Service Administrative Company

    1633 Broadway, 47th Floor

    New York, NY 10019

BY:   MICHAEL L. SCHEIN, ESQ.


MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

    Attorneys for Universal Service Administrative Company

    101 Park Avenue

    New York, NY 10178

BY:   JONATHAN T. CAIN, ESQ.


CHADBOURNE & PARKE, LLP

    Attorneys for BayRing Communications

    30 Rockefeller Plaza

    New York, NY 10112

BY:   DOUGLAS E. DEUTSCH, ESQ.

1  P R O C E E D I N G S

2　　　　THE COURT: Be seated, please.

3　　　　MR. GROGAN: Good morning, Your Honor. James Grogan

4  from Paul, Hastings, Janofsky & Walker, for FairPoint. Your

5  Honor, the only remaining item on our agenda this morning is an

6  agreed order and stipulation that we've entered into with a

7  company called Freedom Ring Communications LLC, doing business

8  as BayRing Communications, B-a-y-R-i-n-g.

9　　　　Your Honor, BayRing has filed a number of proofs of

10  claim in the case. The claims allege damages in the

11  approximate amount of 1.3 million dollars and change. These

12  claims are largely related to billing disputes and regulatory

13  disputes that have been percolating in the New Hampshire PUC

14  for a number of years. There's also a New Hampshire PUC matter

15  that we refer to as the support system case, in which BayRing

16  alleged that FairPoint support systems were inadequate and had

17  caused damage.

18　　　　Your Honor, what we've done to resolve this, is we've

19  agreed to give BayRing an allowed claim of 400,000 dollars.

20  This would be treated as a class 6, general unsecured claim

21  against Northern New England Telephone Operations LLC, for

22  purposes of our pending plan of reorganization. All other

23  claims would be disallowed and expunged. There would also be a

24  general release in the stipulation of all claims, whether pre-

25  or post-petition, that arise prior to August 1st, 2010.

1    Now, we would leave all of the New Hampshire PUC
2    docket matters open, except for the support system case. That
3    would be withdrawn with prejudice by BayRing. The remainder of
4    them would remain open, but solely for the purpose of
5    continuing to adjudicate the party's rights regarding these
6    billing disputes and other matters, post July 31, or, you know,
7    August 1st, 2010, and following. Except for that, the release
8    is complete, general and total.
9         Your Honor, counsel for BayRing is here as well. I
10   don't know if he wants to add anything, unless Your Honor has
11   any questions.
12        THE COURT: No, I have none.
13        MR. GROGAN: Okay.
14        MR. DEUTSCH: Your Honor, Doug Deutsch on behalf of
15   BayRing. I have nothing to add.
16        MR. GROGAN: So, Your Honor, with that, we then ask
17   you to approve the stipulation and I can hand up our order.
18        THE COURT: I'll entertain the order. The
19   stipulation's approved.
20        MR. GROGAN: Thank you, Your Honor. Your Honor, thank
21   you for your time this morning, and --
22        THE COURT: Well, I think there should be something
23   said on the record with respect to the, what is it, USAC's
24   claims estimation.
25        MR. GROGAN: Your Honor, I'm happy to say something on

1 the record, but everybody took off.

2 THE COURT: Well, then let me just say what I
3 understand following our chamber's conference, that the parties
4 have the ability and will stipulate with respect to certain
5 matters on claims that have already been filed, and then deal
6 with those. And the remainder will be dealt with in mediation,
7 and I intend to cut an order for mediation. You will inform
8 your colleagues, in case they're not familiar, with the Court's
9 mediation program. They have a period of time to pick a
10 mediator between the two of you.

11 MR. GROGAN: Yes, Your Honor. That's consistent --

12 THE COURT: And get a holding date.

13 MR. GROGAN: Get a --

14 THE COURT: Get a holding date from chambers.

15 MR. GROGAN: Okay, we will. And that's consistent
16 with the agreement we reached, and we should have that
17 stipulation ready for Your Honor's signature either late today
18 or first thing tomorrow morning.

19 THE COURT: Fine. In the interim, I will enter a
20 mediation order.

21 MR. GROGAN: Thank you, Your Honor. Have a good day.

22 THE COURT: Thank you.

23 (Whereupon these proceedings were concluded at 10:34 AM)

24

25

1
2                    I N D E X
3
4                    RULINGS
5                              Page      Line
6  Agreed stipulation and      6         18
7  Order with BayRing Communications granted
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1
2                    C E R T I F I C A T I O N
3
4  I, Karen Schiffmiller, certify that the foregoing transcript is
5  a true and accurate record of the proceedings.
6
7
8  _____
9  Karen Schiffmiller
10
11 Veritext
12 200 Old Country Road
13 Suite 580
14 Mineola, NY 11501
15
16 Date:  October 26, 2010
17
18
19
20
21
22
23
24
25