**PERKINS COIE LLP**
**Schuyler G. Carroll, Esq.**
**30 Rockefeller Plaza**
**25th Floor**
**New York, New York 10112**
Email: SCarroll@perkinscoie.com
212-262-6900
*Attorneys for TRC Optimum Fund LLC*

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
**Eric R. Perkins, Esq.**
**88 Pine Street**
**24th Floor**
**New York, NY 10005**
Email: eperkins@mdmc-law.com
212-483-9490
*Attorneys for Glacial Energy of New England, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter No. 11 |
| FAIRPOINT COMMUNICATIONS, INC., *et al.*, | Case No.: 09-16335 (BRL) (Jointly Administered) |
| Reorganized Debtors.. | |

**TRC OPTIMUM FUND LLC AND GLACIAL ENERGY OF NEW ENGLAND, INC.'S JOINT OPPOSITION TO FAIRPOINT'S EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS (A) CLAIMS SATISFIED BY CURE, (B) SHAREHOLDER CLAIMS, (C) AMENDED CLAIMS, (D) ABANDONED ACCOUNTS RECEIVABLE CLAIMS, (E) WRONG DEBTOR DUPLICATIVE CLAIMS, (F) NO BASIS IN BOOKS AND RECORDS, (G) DUPLICATIVE PRIORITY CLAIMS, AND (H) CLAIMS TO BE REDUCED AND ALLOWED**

TO: THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE

TRC Optimum Fund LLC ("TRC") and Glacial Energy of New England, Inc.

("Glacial Energy") submit this joint opposition to FairPoint Communications, Inc. and its

affiliated reorganized debtors' (collectively, "Fairpoint") eighty-third omnibus objection to claims ("Objection to Claims") and respectfully state as follows:

## BACKGROUND

**Fairpoint Acknowledges Glacial Energy and Now TRC Hold**
**A Valid Claim Against Northern New England Telephone**

1. Fairpoint and each of its affiliated debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code on October 26, 2009 (the "Petition Date"). On January 29, 2010, Fairpoint and each of its affiliated debtors filed a Statement of Financial Affairs and a Schedule of Assets and Liabilities (collectively, the "Schedules"). In its Schedules, debtor Northern New England Telephone Operations LLC ("Northern New England Telephone") acknowledged a trade payable due and owing to Glacial Energy in the amount of $575,416.00.

2. On February 4, 2010, this Court entered an Order Establishing Deadline and Procedures for Filing Proofs of Claim and Approving Manner of Notice Thereof (the "Bar Date Order"). The Bar Date Order established March 18, 2010 at 5:00 pm as the last date on which to file a proof of claim.

3. Glacial Energy filed a timely proof of claim in the amount of $580,986.08 against Northern New England Telephone on March 5, 2010 [Claim Number 3515]. On April 21, 2010, Glacial Energy transferred its claim against Northern New England Telephone to TRC. A Notice of Transfer was subsequently filed and properly recorded by BMC Group, FairPoint's duly appointed claims agent. [Docket Entry Nos. 1073 and 1074, see also the May 27, 2011 claims registry].

4. On August 11, 2010, BMC sent a further letter acknowledging that Claim Number 3515 was docketed against Northern New England Telephone.

**Fairpoint Acknowledges That the Claim Was Unimpaired and Would Be Paid In Full**

5. On March 25, 2010, Fairpoint served Glacial Energy with the Notice of Unimpaired Non Voting Status Under Debtors' Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Unimpaired Notice"). In the Unimpaired Notice, Fairpoint specifically acknowledged that Glacial Energy's claim was not impaired.

**Fairpoint Assumed the Contract with Glacial Energy**

6. According to Fairpoint's Objection to Claims, in connection with Fairpoint's assumption of certain unexpired executory contracts, this Court fixed the amount required to be paid to cure any defaults under the contracts FairPoint sought to assume. In accordance with section 11.3 of the Plan, Fairpoint alleges they then served a Notice of Proposed Assumption and Cure Amount, if any, to be Paid in Accordance with Section 11.3 of the Plan of Reorganization ("Notice of Cure Amounts") on the counter-parties to unexpired executory contracts Fairpoint wished to assume. As stated in FairPoint's Objection to Claims "[i]n the event that FairPoint did not propose a Cure Amount in the Notice of Cure Amounts sent to the applicable third party, the Cure Amount for such party's Contract and Lease was deemed to be zero dollars ($0.0)." The last day to object to the Notice of Cure Amounts was ten (10) days prior to the commencement of the confirmation hearing.

7. Fairpoint alleges they served the Notice of Cure Amounts on counter-parties to unexpired executory contracts it wished to assume on April 26, 2010, April 28, 2010, April 29, 2010, and April 11, 2011. At no time was TRC or Glacial Energy served with the Notice of Cure Amounts as contemplated by section 11.3 of the Plan of Reorganization. [*See* Affidavits of Service of Notice of Cure Amounts, Docket Entry Nos. 1112, 1188, 1212, 2264].

8. Fairpoint filed their Objection to Claims on June 28, 2011, in which they seek expungement of Glacial Energy's claim on the basis that it has assumed its contract with Glacial

Energy, and that any cure amount related to the assumption of its contract with Glacial Energy has been paid in full.

9. To date, neither Glacial Energy nor TRC has received payment of any cure amounts associated with the Glacial Energy contract, despite the fact that Northern New England Telephone acknowledged that it owed a trade debt of $575,416.00 on the Petition Date.

10. The Objection to Claims makes no reference to having served either Glacial Energy or TRC with a Notice of Cure Amount.

## LEGAL ARGUMENT

### FAIRPOINT'S OBJECTION TO GLACIAL ENERGY'S CLAIM SHOULD BE DENIED BECAUSE (1) NEITHER TRC NOR GLACIAL ENERGY RECEIVED NOTICE OF PROPOSED CURE AMOUNTS, AND (2) NO CURE AMOUNT HAS BEEN PAID DESPITE NORTHERN NEW ENGLAND TELEPHONE'S ACKNOWLEDGEMENT OF DEBT

11. Pursuant to 11 U.S.C. § 502(a) "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." A proof of claim executed and filed in accordance with the Federal Rules of the Bankruptcy Procedure is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). The Federal Rules of Bankruptcy Procedure allow for the filing of an omnibus objection to claims where the objections are based on the ground that the claims should be disallowed, in whole or in part, because 1) the claims are duplicative, 2) have been filed in the wrong case, 3) have been amended by a subsequently filed claim, 4) are not timely, 5) have been satisfied or released, 6) the form of the claim does not comply with the applicable rules, 7) the claims are interests and not claims, and 8) the claims assert a priority that exceeds allowed amounts. Fed. R. Bankr. P. 3007(d).

12. A properly executed proof of claim cannot be defeated by a mere formal objection. *In re Sabre Shipping Corp.*, 299 F.Supp. 97, 99 (D.C.N.Y. 1969) (*citing Whitney v.*

*Dresser*, 200 U.S. 532 (1906)); *In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010). In order to defeat a properly filed proof of claim, the objecting party must come forth with evidence that would refute at least one essential allegation of the claim. *In re Minbatiwalla*, 424 B.R. at 111. Only then does the burden to prove the validity of the claim shift to the claimant. *See id*. "If the objector does not 'introduce[ ] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the validity and the amount of the claim.'" *Id*. (*citing* 4 Collier on Bankruptcy 502.03[3][f] (rev. ed.2007)).

13. Here, Fairpoint seeks to expunge Glacial Energy's timely filed and properly executed proof of claim based on a Notice of Cure Amounts that neither Glacial Energy nor TRC ever received and was never served by Fairpoint. In order to overcome the presumption of validity afforded to Glacial Energy's claim, and expunge Glacial Energy's claim on the ground that any debt owed to Glacial Energy has been cured, Fairpoint must come forward with evidence showing that Glacial Energy 1) received Notice of Cure Amounts, 2) the contract has been properly assumed under the terms of the Plan, and 3) the cure amount has been paid.

14. As stated above, neither Glacial Energy nor its assignee TRC received Notice of Cure Amounts, as evidenced by the Affidavits of Service filed by Fairpoint's claims agent. And therefore, neither party had an opportunity to object to Fairpoint's assumption of the contract, or proposed cure amount. Further, Glacial Energy has yet to receive a cure payment despite Northern New England Telephone's acknowledgement of a $575,416.00 debt owed to Glacial Energy on the Petition Date.

15. Based on the foregoing, Fairpoint has failed to overcome the presumption of validity afforded to Glacial Energy's claim against Northern New England Telephone, and Fairpoint's objection to Glacial Energy's claim should be denied.

# FAIRPOINT'S OBJECTION SHOULD BE DENIED BECAUSE NORTHERN NEW ENGLAND TELEPHONE'S SCHEDULES SPECIFICALLY ACKNOWLEDGE THE AMOUNTS DUE, FAIRPOINT SENT GLACIAL ENERGY THE NOTICE OF UNIMPAIRED CLAIM

16. Even if Fairpoint had sent notice to TRC and Glacial Energy, the Objection to Claim should be denied because Fairpoint and Northern New England Telephone repeatedly acknowledged that amounts are due and owing to Glacial Energy. In this regard, as detailed above, Northern New England Telephone's Schedules list Glacial Energy's claim. In addition, Fairpoint sent Glacial Energy the Unimpaired Notice, indicating that it held a claim that would be paid in full. Glacial Energy subsequently forwarded the Unimpaired Notice to TRC. TRC and Glacial acted in reliance on the Schedules and the Unimpaired Notice.

17. Fairpoint can not now change its position and assert that because Fairpoint allegedly sent a notice (of which there is no evidence, nor does Fairpoint even allege any) fixing the cure amount related to assumption of the executory contract at zero (even though Fairpoint, clearly knew the of the existence of the claim and the amount), that the claim should be expunged. In this regard, it bears note that the cases cited by Fairpoint do not support its position. For example, the decision of this Court in *Federated Dep't Stores v. Wongco (In re R.H. Macy & Co.)*, 236 583 (Bankr. S.D.N.Y. 1999) held that a landlord's claims that were not asserted pursuant to the terms of this Court's order were barred – not that a cure notice which directly conflicts with a debtor's schedules, the filed proof of claim, and other notices sent by a debtor can somehow result in the scheduled claim and the proof of claim, both being expunged.

## RESERVATION OF RIGHTS

18. The parties have engaged in certain settlement discussions prior to the date of this filing. TRC and Glacial Energy are hopeful that a resolution of this matter will be reached. To

the extent settlement is not reached, however, TRC and Glacial Energy reserve all rights to supplement, modify and amend this objection.

## **CONCLUSION**

WHEREFORE, TRC and Glacial Energy respectfully request that this Court deny FairPoint's 83rd Omnibus Objection to Claims, to the extent such objection seeks to expunge Glacial Energy's properly filed claim against Northern New England Telephone.

Dated: New York, New York.
July 21, 2011

PERKINS COIE LLP

By: */s/ Schuyler G. Carroll*
    Schuyler G. Carroll, Bar No. 2511707
30 Rockefeller Center, 25th Floor
New York, NY  10112-0085
scarroll@perkinscoie.com
212.262.6900
***Attorneys for TR Optimum Fund LLC***


McELROY, DEUTSCH, MULVANEY, CARPENTER, LLP

By: */s/ Eric R. Perkins*
    Eric R. Perkins
88 Pine Street
24th Floor
New York, NY 10005
212-483-9490
Email: eperkins@mdmc-law.com
***Attorneys for Glacial Energy of New England, Inc.***